WILLIAM H. SHERWOOD & another *vs.* ST. PAUL & CHICAGO
RAILWAY COMPANY, (1st Case.)

## Nov. 16, 1874.

**Condemnation of Land—Appraisal of Several Lots forming One Body of Land.**—
The provision of defendant's charter in regard to proceedings for condemna-
tion, in accordance with which the commissioners are to make an appraisement
and award " in each case separately," does not require them, (or the court or
jury in case of an appeal;) to make a separate appraisement and award as to
each of several town lots appropriated, when such lots together form a com-
pact body of land, and are used and occupied as an entirety; nor, in case a
separate appraisement and award is made by the commissioners as to each of
such lots, is the court or jury, upon appeal, required to make a separate ap-
praisement and award as to each of the same.

**Same—Costs on Appeal.**—In case of appeal, the question of costs is to be deter-
mined upon a comparison of the gross amount awarded by the commissioners,.
for the land to which the appeal relates, with the gross amount allowed for the
same by the court or jury.

**Same—Compensation to be Given as of Date of Award.**—*Winona & St. Peter R..
Co.* v. *Denman,* 10 Minn. 267; *St. P. & S. C. R. Co.* v. *Murphy,* 19 Minn.
500; *Hursh* v. *First Div. St. P. & P. R. Co.,* 17 Minn. 439; *Warren* v. *Same,*
18 Minn. 384, followed as to the rule, that in these cases of condemnation,
compensation is to be awarded with reference to the value and condition of
the premises at the time of the award.

**Same—Compensation not to Include Amount due Land Owner on Contract.**—Upon
one lot owned by plaintiffs, and appropriated by defendant, there was a build-
ing, which had been removed therefrom by plaintiffs, before the examination
and award of commissioners, upon defendant's agreement that, if plaintiffs
would remove the same, the company would pay for removing and making it
as good as before. *Held,* that it was error to include, in the award for the
appropriation of such lot, the expense of removing the building, and making
the same good; and that, on account of such error, the judgment recovered.
by plaintiffs, on account of the appropriation of such lot, must be reversed.

Appeal by defendant from a judgment of the district court.
for Winona county.

*C. H. Berry,* for appellant.

*Mitchell & Yale,* for respondents.

BERRY, J.    For convenience we will speak of the respond-
ents in the appeal at bar as plaintiffs, and of the appellant
as defendant.    Plaintiffs are owners of a tract of land, con-
sisting of lots 4, 5, 6, 7, and of adjoining portions of lots 3
and 8, in block 13, in the village of Dresbach, which is di-

vided into lots as numbered on the following diagram, viz:

| 8 | 7 | 6 |
|---|---|---|
| 3 | 4 | 5 |

The dwelling-house in which plaintiffs resided, was situate on lots 6 and 7, and the remainder of the tract was used and occupied, in connection with the dwelling-house, as a site for out-buildings, for a garden, orchard, etc.    Defendant's railway was surveyed and located upon lots 3, 4 and 5. The commissioners appointed, under the provisions of defendant's charter, to appraise the value of land taken for the purposes of defendant's railway, awarded for the taking of so much of each of said lots 3, 4 and 5, as was taken, as follows: For lot 3, $60; for lot 4, $75; for lot 5, $85. Plaintiffs appealed from this award to the district court, and the jury by which the appeal was tried, found for the plaintiffs, "For the taking of that part of lots 3, 4 and 5, in block 13, * * * described in the notice of appeal, the sum of $450." Defendant claims that the verdict and the judgment founded upon it are erroneous, for the reason that lots 3, 4 and 5, in block 13, are assessed together, and not separately.

The statute under which the condemnation was had, provides that the commissioners appointed shall have cognizance of all cases arising on the line of the road, "and they shall proceed to examine the premises in each case separately; * * * and after making such examination, the said commissioners shall, * * * in each case separately, make an appraisement and award of the value of the lands, etc.;" and in case of appeal from their award to the district court, "the said court shall proceed to hear and determine," and

" the jury    *    *    *    shall assess the value of the lands,    *
*    *    and after such assessment, the court shall proceed to
render judgment against said company, for the amount of
said assessment in such case ; and if the amount so assessed
*    *    *    shall exceed the amount awarded by said commis-
sioners, with interest at the rate of twelve per cent. per an-
num,    *    *    *    then judgment shall be rendered against
the company for costs ; and when the appeal shall be taken
by the claimant, and it shall not exceed the amount and in-
terest aforesaid, then judgment shall be rendered in favor of
said company for costs." Laws 1857, Ex. Sess. ch. 1, § 13.

The defendant insists that the words, " in each case sepa-
rately," required the commissioners to make a separate as-
sessment as to each lot in this instance. To this we by no
means agree. The tract owned and occupied by plaintiffs,
as before mentioned, was a compact body of land, used and
occupied as an entirety. It was essentially one tract, not-
withstanding its division into lots by imaginary lines. It is
apparent that the amount which the plaintiffs were entitled
to receive from the company, for the taking of so much of
lots 3, 4 and 5 as was taken, was to be arrived at, not alone
by an estimate of the value of the land actually occupied by
the company, but by considering the effect of the taking
upon the whole tract of which these lots formed a part.
Now, while we are not prepared to say that there was any
legal objection to the award made by the commission-
ers separately as to each lot, yet, when we consider the en-
tirety of the whole tract, and the practical difficulty of
apportioning the amount which the plaintiffs are entitled to
receive, on account of the effect of the taking upon the
whole tract, among lots 3, 4 and 5 separately, we are sure
that, *per se*, it would have been eminently sensible and
proper to have assessed the amount to which plaintiffs were
entitled, on account of the appropriation of so much of
lots 3, 4 and 5 as was taken, at one gross sum. In other
words, in view of the (so to speak) natural and intrinsic en-
tirety of the damage to plaintiffs, there is abundant reason

why the assessment, as respected lots 3, 4 and 5, should have been regarded as a single case for the cognizance of the commissioners, as well as for the jury; and the testimony returned here clearly shows that it was so regarded and treated upon the trial below, by both parties. There is not a word in the statutory provision quoted which stands in the way of this construction; neither is there any sufficient reason why the jury before which the case was tried, should bring in a separate award as to each lot, because the commissioners saw fit to do so.

The counsel for defendant, referring to the above quoted provisions of the statute as to costs, contends that if some of the lots had been assessed by the jury at a value above, and some at a value below the finding of the commissioners, it would have been competent for the court to apportion the costs accordingly. But we are of opinion that the proper construction of the statute requires the question of costs to be determined upon a comparison of the gross amount awarded by the commissioners for the land to which the appeal relates, with the gross amount allowed for the same by the court or jury in the district court. Even if this were not so, and the defendant's counsel desired to apply the rule as to costs for which he contends, he should have called attention to the matter seasonably, and not have permitted the verdict to be recorded in its present form without objection. *L. S. & M. R. Co.* v. *Greve,* 17 Minn. 322.

It appeared that after the defendant's line had been (with plaintiffs' knowledge) staked out and located upon lots 3, 4 and 5, plaintiffs made some improvements upon the dwelling-house on lots 6 and 7; and defendant insists that they are not entitled to recover on account of the effect of the taking upon such improvements. We see no reason for departing from the rule heretofore laid down by this court, viz.: That in these cases of condemnation, compensation should be awarded with reference to the value and condition of the premises at the time of the award. *Winona and St. Peter R. Co.* v. *Denman,* 10 Minn. 267; *St. P. & S.*

*C. R. Co.* v. *Murphy*, 19 Minn. 500; *Hursh* v. *First Div. St. Paul & P. R. Co.*, 17 Minn. 439; *Warren* v. *Same*, 18 Minn. 384. The plaintiffs, as owners of the dwelling-house, possessed the right to improve the same as they saw fit; and there is nothing in the fact of their knowledge that defendant's line was staked out and located upon lots 3, 4 and 5, and that defendant was intending to take their land for the purposes of its railway, which should deprive them of the right to recover with reference to the condition of their premises, as the same were when the award was made; for at least until that time, the company had acquired no right in or to the plaintiffs' property. If such improvements were made in gross bad faith, or for the purpose of enhancing damages, a somewhat different rule might perhaps obtain; but nothing of the kind appears in this case.

The plaintiffs were owners also of lot 2, in block 14, in Dresbach, for the taking of a part of which the commissioners awarded $100. Plaintiffs' appeal aforesaid embraced an appeal from the award as to this lot, also, as to which the jury awarded $137.50. It appeared that there had been a building upon the lot, which had, however, been removed therefrom by plaintiffs, prior to the examination and award of the commissioners. There was evidence tending to show that the defendant agreed that if plaintiffs would remove it, the company would pay for removing and making it as good as before. The plaintiffs' claim, that, upon this state of facts, the expense of moving and making good was properly included in the award, is not pressed; nor is it easy to see how it well could be, in view of the rule that the assessment is to be based upon the value of the premises at the time thereof. But it is said that even if this expense was improperly included in the award, there is no occasion to reverse the judgment, and grant a new trial, because the plaintiffs have only recovered what the defendant was bound to pay. It is enough to say, in answer to this position, that the liability of defendant, (if any,) on account of the alleged agreement in respect to the building, was not in issue, or

properly triable in this proceeding ; that defendant was not bound to contest the plaintiffs' claim on account of such agreement in this proceeding ; and that all the testimony by which plaintiffs sought to establish the agreement was seasonably objected to on defendant's behalf. For the error in receiving the testimony in regard to the removed building, there must be a new trial. But as this error affects the verdict and judgment, only as respects lot 2, block 14, the judgment will be reversed, and a new trial awarded, only so far as that lot is concerned. As regards the other lots, it must be affirmed.

Ordered accordingly.