STATE, BY MILES LORD, ATTORNEY GENERAL, v.
JOHN RADOSEVICH AND OTHERS.
GENERAL OUTDOOR ADVERTISING COMPANY, INC.,
RESPONDENT.

82 N. W. (2d) 70.

March 22, 1957—No. 36,965.

*Miles Lord,* Attorney General, *Robert W. Mattson,* Deputy Attorney General, and *Bert McMullen,* Special Assistant Attorney General, for appellant.

*Donald O. Wright,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the District Court of St. Louis County denying the motion of the state to dismiss the appeal of a landowner from an award of commissioners appointed to assess damages in a condemnation proceeding for lack of jurisdiction.

Originally, the State of Minnesota commenced two separate condemnation proceedings, one involving the acquisition of certain land for right-of-way purposes for Trunk Highway No. 61 and the other involving the acquisition of land for right-of-way purposes for Trunk Highway No. 281. The proceedings later were consolidated by the court under an order which provided:

"Upon motion of the petitioner the said above entitled proceedings were and they hereby are in all respects consolidated into one proceeding for all purposes, to the same extent and effect as if they had originally been joined and included in one proceeding."

Consequently, for the purposes of this decision, we will consider the issues involved as if the proceeding had been started as one proceeding.

The land involved in these two condemnation proceedings was divided by the commissioner of highways into 40 separate parcels. Respondent owned an interest in Lots 140, 142, and 144 of Block 11, Duluth Proper, Third Division. These three lots are all contiguous. Respondent also owned an interest in that part of Lots 129 and 131 of Block 14, Duluth Proper, Third Division, involved in this proceeding. These two lots are also contiguous to each other but are separated by other land from the other three lots described above. Hereafter the lots will be referred to only by number.

In the condemnation proceeding, these five lots were designated by the commissioner of highways as three parcels, Lots 140 and 142 were combined in one parcel; Lot 144 was designated as another parcel; and Lots 129 and 131 were combined in a third parcel. The appraisers appointed by the court to determine damages made an award based on the designation of parcels as fixed by the commissioner of highways. As to each of the three parcels in which respondent had an interest, the designation of the parcels and the awards as to each were as follows:

As to Parcel 1 S. P. 6925 (61–103) 901,  $  800
As to Parcel 2 S. P. 6925 (61–103) 901,      800
As to Parcel 1 S. P. 6945 (281–281) 901,   2,200

Within the time allowed by law, respondent filed a notice of appeal to the district court from the award of damages, which, omitting the title, reads as follows:

"To the Clerk of the above named court, State of Minnesota, Miles Lord, Attorney General thereof, and to the Commissioner of Highways thereof:

"You and each of you will please take notice: that the respondent herein, General Outdoor Advertising Co., Inc., a corporation, hereby appeals to the above named District Court from an award filed herein with the Clerk of said Court on February 23, 1956, awarding to the above named respondent the sum of Three Thousand Eight Hundred ($3800.00) Dollars as damages sustained by said respondent for the taking by the petitioner of the premises described in these proceedings as Parcels:

"No. 1 S. P. 6925 (61–102) [sic] 901
"No. 2 S. P. 6925 (61–103)   901
"No. 1 S. P. 6945 (281–281) 901

"and from the whole thereof.

"You are further notified: That the land affected by the condemnation and taking of land described in said parcels in these proceedings is as follows, to-wit:

"Lot 144, Block 11, Duluth Proper, Third Division according to the duly recorded plat thereof, situate in St. Louis County, Minnesota, the title thereto being registered and evidenced by Certificate of Title No. 130927.

"Lots 140 and 142, Block 11, Duluth Proper, Third Division, according to the duly recorded plat thereof, situate in St. Louis County, Minnesota, the title thereto being registered and evidenced by Certificate of Title No. 123172.

"Lots 129 and 131, Block 14, Duluth Proper, Third Division, according to the duly recorded plat thereof, situate in St. Louis County, Minnesota, the title thereto being registered and evidenced by Certificate of Title No. 130926.

"You are further notified: That said respondent General Outdoor Advertising Co., Inc., appeals from the said award on the grounds

that said award is inadequate and does not fairly compensate for the damage to said tracts, the usefulness and value of which is greatly reduced by the condemnation of a portion thereof for highway purposes and which damage and award respondent herein claims should have been not less than the sum of Twenty Thousand ($20,000.00) Dollars."

Thereafter, the state appeared specially and moved to dismiss the appeal on the ground that the court had not acquired jurisdiction by such notice of appeal. The motion was denied, and this appeal followed.

It is the contention of the state that the notice of appeal filed by respondent is fatally defective for the reason that it attempts to appeal jointly from three separate awards of the appraisers.

■ It is elementary that the right of appeal under our condemnation proceedings is governed by statute and that, unless the conditions prescribed by statute are observed, the court acquires no jurisdiction.[1] The decision in this case must therefore rest on a determination of what is required by our statute.

■ The right of appeal in this condemnation proceeding is governed by M. S. A. 117.20 (2), which reads:

"At any time within 30 days from the date of the filing of the report, any party to the proceeding may appeal from any award of damages embraced in the report, or from any omission to award damages, by filing with the clerk a notice of such appeal; which shall specify the particular award or failure to award appealed from, the nature and amount of the claim, the land to which it relates, and the grounds of the appeal; and upon appeal the prevailing party shall recover costs and disbursements;"

The language of this statutory provision gives rise to the dispute now before us. The determination of the issues involved rests upon a proper interpretation of the words "may appeal from *any award of damages* embraced in the report." (Italics supplied.)

[1]Klein v. St. Paul, M. & M. Ry. Co. 30 Minn. 451, 16 N. W. 265; State ex rel. City of Minneapolis v. Boucher, 171 Minn. 297, 214 N. W. 30.

Section 117.08, which defines the duties and powers of the appraisers appointed by the court to assess damages, reads in part:

"* * * they [the appraisers] shall make a separate assessment and award of the damages which in their judgment will result *to each of the owners of the land* by reason of such taking and within 30 days after making such assessment and award report the same to the court under their hands. Whenever the state is acquiring property, the commissioners shall show in their report the amount of the award of damages which is to reimburse the owner and tenant or lessee for the value of the land taken, and the amount of the award of damages, if any, which is to reimburse the owner and tenant or lessee for damages to other property involved. The amounts *awarded to each person shall also be shown separately.*" (Italics supplied.)

It is significant that nothing is said in these provisions about making an award for each parcel of land.[2]

When we refer to § 117.14, relating to the trial of the issues raised by the appeal, we find the following statutory direction as to procedure:

"* * * Whenever the state is acquiring property, the jury or court shall show in the verdict or order the amount of the award of damages which is to reimburse the owner and tenant or lessee, for the value of the land taken, and the amount of the award of damages, if any, which is to reimburse the owner and tenant or

[2]Reference to antecedent statutes is of little help. Prior to R. L. 1905, § 2520, et seq., there was no general eminent domain procedure statute, but the procedure was prescribed by acts conferring the right of eminent domain for particular purposes or on particular municipalities or named private corporations. The earliest law relating to condemnation of lands to be used by the state is found in G. S. 1878, c. 38, § 78, et seq., and there the provision pertaining to awards by the commissioners (§ 79) provided that "the commissioners shall proceed, or a majority of them shall proceed, *in each case or parcel of land,* to an appraisement thereof, and of the damages sustained or to be sustained by reason of the taking and use of such land, and shall make award, in writing, of such damages." (Italics supplied.) An examination of other early statutes gives little light upon the legislative intent.

lessee for damages to other property involved. The amounts awarded to each person shall also be shown separately."

Here, again, there is no direction that a separate verdict shall be returned as to each parcel as designated by the commissioner.

While the statute involved in Sherwood v. St. Paul & Chicago Ry. Co. 21 Minn. 122,[3] is not identical with the one now before us, the provisions were somewhat similar and the rationale of that case may be applied by analogy, at least in part, to the question now before us. In that case, plaintiff was the owner of all or part of six contiguous lots involved in a condemnation proceeding. The commissioners appointed to appraise the value of the land taken awarded damages as to each of three of the lots separately. Plaintiff appealed to the district court, and there the jury awarded damages as to all three lots together. Defendant contended the verdict was erroneous because the jury did not assess damages as to each lot as the commissioners had done. We held that under the statute there involved (Ex. Sess. L. 1857, c. 1, § 13) the verdict was not contrary to law. In so doing, we said (21 Minn. 124):

"The defendant insists that the words, 'in each case separately,' required the commissioners to make a separate assessment as to each lot in this instance. To this we by no means agree. * * * in view of the (so to speak) natural and intrinsic entirety of the damage to plaintiffs, there is abundant reason why the assessment, as respected lots 3, 4 and 5, should have been regarded as a single case for the cognizance of the commissioners, as well as for the jury; * * *. There is not a word in the statutory provision quoted which stands in the way of this construction; neither is there any sufficient reason why the jury before which the case was tried, should bring in a separate award as to each lot, because the commissioners saw fit to do so."

Much the same reasoning is applicable here. While we see no legal objection to dividing the land involved in a condemnation proceeding into parcels for convenience in determining damages, we find noth-

[3]See companion case, 21 Minn. 127.

ing in the statute which makes such division binding upon the landowner. Determining the award to each owner of an interest in land taken or damaged, if the land is divided into parcels and the damages to each parcel are fixed by the appraisers, involves simply a matter of adding the separate amounts together to determine the entire amount awarded to each party.

From a practical standpoint, in handling a condemnation proceeding it may be desirable, or even necessary, to divide the various tracts of land involved into separate parcels. This may become necessary because of a diversity of ownership in different tracts, diversity of use, or for some other reason. It may be desirable as an assistance to the commissioners in assessing damages to which each landowner is entitled. While we see no objection to such procedure arising from our statute or otherwise, the question here is whether a party having an interest in several tracts of land, when taking an appeal to the district court, is bound by the parcel designation made by the condemnor. If he is so bound, the requirement must be found somewhere else than in our statutes. The statute permits each party to take an appeal from the award made to him. It does not provide that he must take an appeal from the award as to each parcel as designated by the condemnor. Furthermore, the statute permits an appeal "from any award of damages embraced in the report" and also from "any omission to award damages." Would a landowner claiming inadequacy of damages and also an omission to award damages as to other land in which he had an interest be required to serve two notices of appeal, one covering each claim? It would seem that under our statute he would not be required to do so.

If we take the case at bar, it is conceivable that the state might have chosen to designate Lots 140 and 142, as well as Lots 129 and 131, all as separate parcels. There then would have been five parcels instead of three in which respondent had an interest. There probably could be no objection to that procedure if the state had seen fit to do so, but could that give the state the right to compel the landowner to file five separate notices of appeal or to have five separate

trials in the district court? We do not think that the statute can be so construed. The statute should not be construed so as to deprive a landowner of his day in court unless the clear language of the statute requires· such construction. We are of the opinion that the statute permits an appeal from the total award to any party for all damages sustained in the proceeding in one notice, provided the notice otherwise complies with the statute. He also probably could file separate notices as to each parcel if he saw fit to do so.

Furthermore, construing the statute so that a party may appeal from the entire award to him by one notice of appeal presents no difficulty as to the trial of such case. If there are conflicting claims of ownership or rights in different tracts involved in such appeal, the court can easily determine the amount allocated to each tract by the jury by the use of special interrogatories. We have held in the past that the commissioners may make an award in gross.[4] The jury may likewise make an award in gross.[5] By the use of special interrogatories, there should be no more difficulty in determining a division of such amount among the respective interests of the claimants than if the awards as to each parcel are considered separate controversies.

The state for the most part relies on State, by Ervin, v. May, 204 Minn. 564, 285 N. W. 834. While some of the language of our opinion in that case, taken out of context, might seem to support the state's contentions, it is clear that the case did not deal with the problem now before us and is easily distinguishable on its facts. In that case, the state, by one notice of appeal, attempted to appeal from two separate awards made to two individual owners of separate tracts of land. Neither of the owners was interested in the land of the other. This, we said, could not be done. We there said (204 Minn. 565, 285 N. W. 834):

"* * * when the proceeding has reached the point where the commissioners have made their awards the interests of the state and those of *each landowner* become separate and distinct as to each

---

[4]Peterson v. City of Minneapolis, 175 Minn. 300, 221 N. W. 14.

[5]Oronoco School Dist. v. Town of Oronoco, 170 Minn. 49, 212 N. W. 8.

award, and, and, unless the statute authorizes the owners of separate parcels to join in one appeal from the awards made them, they cannot do so." (Italics supplied.)

On rehearing, we said (204 Minn. 567, 285 N. W. 835):

"* * * Each award becomes a severable subject of controversy. Therefore appeals become vulnerable to the charge of duplicity as in other judicial proceedings. *There was* absolutely *no community of interest between the two landowners here,* and there could no more be one appeal from the two awards than there could be one appeal from two entirely separate judgments in wholly different cases." (Italics supplied.)

While we did not consider the effect of an award to a single owner of several parcels of land involved in the same condemnation proceeding, it is obvious that the decision is based on the fact that there was no "community of interest" between the landowners involved, hence the rights of each involved an entirely separate controversy from those of the other. While there is some language in the opinion indicating that the use of the word "award" has reference to an award for a parcel as designated by the commissioners, we think that the rationale of the whole opinion is that the term "award" as used therein refers to the award made to each owner of land involved in the proceeding. It cannot be said here that there is no community of interest on the part of the single landowner, albeit his rights involved several tracts of land which may have been designated as separate parcels by the commissioner. We do not consider the May case authority on the situation now before us.

Finally, the state contends that the notice is defective because it does not specify the award appealed from. This contention is based on the argument that the notice of appeal states that it is from an award in the sum of $3,800 and that there is no such award. The notice does not so read. It reads:

"* * * respondent * * * hereby appeals * * * from an award filed herein with the Clerk of said Court on February 23, 1956, *awarding to the above named respondent* the sum of Three Thousand

Eight Hundred ($3800.00) Dollars as damages sustained by said respondent for the taking by the petitioner of the premises described in these proceedings as Parcels:

"No. 1 S. P. 6925 (61—102) [sic] 901
"No. 2 S. P. 6925 (61—103)   901
"No. 1 S. P. 6945 (281–281)   901

"and from the whole thereof." (Italics supplied.)

Thereafter follows a description of the land involved in the three parcels. The state's argument, of course, is based on the same premise as the other contentions discussed above. To be tenable, it would be necessary to hold that the statute requires an appeal from the award made as to each parcel as designated by the state. Since we do not so construe the statute, the contention is untenable.

Affirmed.