## STATE, BY MILES LORD, ATTORNEY GENERAL, v. BENJAMIN J. JUDE AND OTHERS.

102 N. W. (2d) 501.

April 22, 1960—No. 37,888.

*Atwood & Fletcher,* for appellant.

*Miles Lord,* Attorney General, and *David R. Leslie,* Assistant Attorney General, for respondent.

LOEVINGER, JUSTICE.

Appellant here was a landowner whose property was condemned by the state. Appellant filed a notice of appeal to the district court from the award within the time provided by the statute. The notice of appeal complied with the statutory requirements except that it did not state the amount of appellant's claim.

The controlling statute is M. S. A. 117.20, subd. 4, which reads as follows:

"At any time within 40 days from the date of the filing of the report, any party to the proceeding may appeal from any award of damages embraced in the report, or from any omission to award damages,

by filing with the clerk a notice of such appeal; which shall specify the particular award or failure to award appealed from, the nature and amount of the claim, the land to which it relates, and the grounds of the appeal; and upon appeal the prevailing party shall recover costs and disbursements."

The state filed a motion to dismiss appellant's appeal on the ground that the court lacked jurisdiction for the reason that the notice of appeal failed to show the amount of the claim. The district court granted the motion, appending a note which said that the results may be harsh but the statute is jurisdictional. Appellant thereafter perfected a timely appeal to this court.

The sole issue presented is whether or not the inclusion of a statement of the amount of an appellant's claim in the notice of appeal from a condemnation award is a jurisdictional element.

The state cites and relies upon the language of cases stating that an appeal provided by statute must be prosecuted in accordance with the statutory provisions. This general principle is undoubtedly a correct statement of law, but is not determinative of the issue presented here. The state also cites cases holding that failure to comply with requirements of statutes in other cases, such as those relating to prosecution of a claim against a municipality, is a jurisdictional defect. Each of these cases must be considered with respect to the specific statute under which it was decided, and none is controlling here.

The general principle governing a case of this kind is well stated in the recent case of State, by Lord, v. Rust, 256 Minn. 246, 253, 98 N. W. (2d) 271, 276, where this court said:

"* * * The decisions in this state have never unduly restricted the owner's constitutional right to just compensation where there has been a taking of private property for public use under the powers of eminent domain. Attempts on the part of a condemnor by technical means to defeat the landowner's right to his day in court have never been viewed with favor. Every owner is constitutionally entitled to a just and equal application of the rule that what he owns shall not be taken from him or destroyed or damaged for public use without just compensation."

An application of this principle is found in State, by Lord, v. Radosevich, 249 Minn. 268, 82 N. W. (2d) 70. There the court held that a party having an interest in tracts of land as to which there were several awards is not bound by the parcel designation made by the condemnor, and may properly appeal by filing a single notice. The court distinguished the earlier case of State, by Ervin, v. May, 204 Minn. 564, 285 N. W. 834, followed in United States v. Federal Land Bank (8 Cir.) 127 F. (2d) 505. The rule to be drawn from our cases, and which is now declared by this court, is that under the statute referred to the filing of the notice of appeal is jurisdictional, but the form and contents of the notice are not.

This does not mean that the requirements of the statute relating to the form and contents of a notice of appeal are to be disregarded. However, a court has inherent power to permit pleadings to be amended at any proper time when the amendment does not violate some positive rule of law or prejudice the opposing party. 71 C. J. S., Pleading, § 280b. In this state it has long been said that amendment of pleadings should be allowed with much liberality in furtherance of justice. Burke v. Baldwin, 54 Minn. 514, 520, 56 N. W. 173, 174. Although the Rules of Civil Procedure do not apply to these proceedings, the rules incorporate the same principle. See, Rule 15.

The court below recognized the result of its ruling as harsh. The proper course in this situation is to allow appellant to amend his notice of appeal to comply with the statute within a specified reasonable period of time unless the state can show substantial prejudice thereby, and to dismiss only if a proper amendment is not made in accordance with the order.

The order appealed from is set aside, and the case is remanded to the district court for further proceedings in accordance with this opinion.

Remanded.