COUNTY OF RAMSEY v. WILLIAM G. BALL
AND OTHERS.
KENNETH F. ANDERT, APPELLANT.

190 N. W. (2d) 495.

September 24, 1971—No. 41897.

*Edward P. Starr, D. D. Wozniak,* and *Wozniak & Starr,* for appellant.

*William B. Randall,* County Attorney, and *Thomas M. Quayle* and *Steven C. DeCoster,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Kelly, and Odden, JJ.

KELLY, JUSTICE.

This is an appeal from an order of the district court dismissing a landowner's appeal in eminent domain proceedings on the ground that the appeal was not timely under Minn. St. 117.20, subd. 4.[1] Appellant's contention that his appeal was timely raises the issue of whether the proper mailing of a letter by respondent condemnor which was returned by postal authorities marked "Return to Sender, No Response," complied with the mandate of § 117.20, subd. 3, which provides:

"Within seven days from the date of the filing of the report of commissioners, the petitioner shall notify each respondent or his attorney by mail of the filing of the report of commissioners setting forth the date of the report, the amount of the award, and all the terms and conditions thereof as the same pertain to such respondent. Such notification shall be addressed to the last known postoffice address of each respondent and his attorney."

We think the mailing complied with this statute and affirm.

The County of Ramsey instituted proceedings to condemn certain land, including a tract owned by appellant. Appellant at the time resided in Blaine, Minnesota, and his residence had two different street addresses. Appellant received several letters concerning the condemnation proceedings at his residence. When

---

[1] Minn. St. 117.20, subd. 4, provides: "At any time within 40 days from the date of the filing of the report, any party to the proceeding may appeal from any award of damages embraced in the report, or from any omission to award damages, by filing with the clerk a notice of such appeal * * *."

the commissioners' report setting forth the amount of the award to appellant in the condemnation proceeding was filed, the required notice of that filing was mailed to him at both street addresses which condemnor had for appellant's residence. The mailed notice was returned by the Post Office Department marked "Return to Sender, No Response." Appellant had appeared pro se and an unsuccessful attempt was made to serve appellant personally with a copy of the notice that the commissioners' report had been filed.

About 2 years after the commissioners' report was filed, appellant for the first time retained counsel and filed a notice of appeal from the commissioners' award. Condemnor's motion to dismiss the appeal on the ground that it was not timely was granted and thus this appeal.

Appellant contends that only personal service satisfies the intention of § 117.20, subd. 3. The Minnesota Legislature does not require personal "service" of the notice in § 117.20, subd. 3, but only commands that appellant be notified by mail of the filing of the commissioners' report.

The rule of this state is that if the conditions permitting the right to appeal are not observed, the district court does not acquire jurisdiction. State, by Lord, v. Radosevich, 249 Minn. 268, 82 N. W. (2d) 70. Since it is conceded that the notice of appeal had not been filed until the 40-day period had expired, appellant has not complied with the conditions granting the right of appeal and there was no error when the appeal was dismissed.

Affirmed.