NORTHERN STATES POWER COMPANY v. FRIEDA SCHULZE AND OTHERS.
ALEXANDER CHVESTUIK AND ANOTHER, APPELLANTS.

204 N. W. 2d 212.

April 6, 1973—No. 43197.

*Lais & Bannigan* and *John F. Bannigan, Jr.,* for appellants.

*Comaford, Fassett, Clarkson & Lewis* and *David W. Lewis,* for respondent.

Considered en banc without oral argument.

PER CURIAM.

The only issue here presented is whether a notice of appeal to the district court from a commissioners' award in a condemnation proceeding conferred jurisdiction where the owner was named in the notice but only her husband actually signed the notice. The trial court held the notice to be fatally defective, and we reverse.

The land in question was condemned by the petitioner, Northern States Power Company, for an easement and right-of-way. Dissatisfied with the commissioners' awards, the owner of what was designated Parcel 8, Alexander Chvestuik, and the owner of Parcel 8A, Evelyn M. Chvestuik, his wife, served on petitioner the following notice of appeal:

"STATE OF MINNESOTA                                  "DISTRICT COURT
COUNTY OF RAMSEY                              SECOND JUDICIAL DISTRICT

———

"Northern States Power Company,
a corporation (by the Board of Directors thereof),

Petitioner,

vs.

"Freida Schulze, a/k/a Freda Schulze,
et al, and Alexander Chvestuik and
Evelyn Chvestuik,

Respondents.

———

"NOTICE OF APPEAL AS TO
PARCEL 8 AND 8A

———

"In the matter of the condemnation for permanent
easement and right of way in above entitled
proceedings.

———

"To:  Clerk of the above named district court, and the Northern States Power Company, Petitioner herein:

"PLEASE TAKE NOTICE, that the respondents herein, Alexander Chvestuik and Evelyn M. Chvestuik, his wife, hereby appeal to the above named District Court from the award and conditions thereto filed with the Clerk of said Court on the 20th day of August, 1968, of an award as

to Parcel 8 in the sum of $4,400.00, and as to Parcel 8A in the sum of $2,000.00 made to the above named respondents.

"The land described therein is the property described in Parcel 8 and Parcel 8A of the Commissioners' award.

"The nature of the respondent's claim, and the grounds of this appeal are that the award is insufficient, and the damages for taking said premises is in excess of $4,400.00 as to Parcel 8 and $2,000.00 as to Parcel 8A. That, in fact, said damages are in the amount of Seven Thousand and no/100 Dollars ($7,000.00) as to Parcel 8, and Ten Thousand and no/100 ($10,000.00) as to Parcel 8A.

"Your respondent further states that Notice of Filing Report of Commissioners in the above entitled matter was received by the respondents September 10, 1968.

"Dated: October 7, 1968.

"ALEXANDER CHVESTUIK
Attorney Pro Se
299 Atwater Street
Saint Paul, Minnesota 55117
488-4433"

Minn. St. 1969, § 117.13, the statute governing appeals, provides in part as follows:

"At any time within 30 days after service of the notice that the report has been filed, the owner of lands taken may appeal to the district court from any award of damages embraced in the report, or from any omission to award damages to the appellant for the taking of lands claimed by him, by filing with the clerk a notice of such appeal. The notice shall specify the particular award or failure to award appealed from, the nature and amount of his claim, the land to which it relates, and the grounds of his appeal."

The petitioner cites State, by Lord, v. Radosevich, 249 Minn. 268, 82 N. W. 2d 70 (1957), for the proposition that compliance with the appeal statute is jurisdictional.[1] That case, however, must be read along with State, by Lord, v. Jude, 258 Minn. 43, 45, 102 N. W. 2d 501, 503 (1960), where we declared that "under the statute referred to [§ 117.20] the filing of the notice of appeal is jurisdictional, but the form and contents of the notice are not."

---

[1] The appeal statute considered in the cited case was Minn. St. 1953, § 117.20, which is the governing appeal statute when the state is the condemnor.

The trial court was of the opinion that failure to sign the notice was fatal because Alexander Chvestuik could not, as a matter of law, represent his wife in executing the notice. We do not find it necessary to decide whether under these circumstances a husband may act for his wife without being guilty of unauthorized practice of law. Had he been a lawyer, there is no question but that the notice would be valid. The statute provides that "the owner of lands taken may appeal," but in describing the contents of the notice the statute includes no requirement that it be signed by the owner. Here, the notice clearly and specifically states that Evelyn M. Chvestuik appeals to the district court from the award for taking her land. If her husband had actual authority to give such notice, that is sufficient unless petitioner was thereby misled. Here, the petitioner can hardly make such a claim since Northern States Power also appealed from the award by serving a notice on Mrs. Chvestuik which correctly identified her by name and described the property which she owned.[2]

We have concluded that the notice complied in all respects with the requirements of the statute. The issue of whether Alexander Chvestuik was guilty of unauthorized practice is wholly immaterial to the question of whether the trial court acquired jurisdiction. We now hold that it did.

Reversed.

MR. JUSTICE SCHULTZ took no part in the consideration or decision of this case.

---

[2] Petitioner subsequently dismissed its appeal.