John A. WOODHALL, Jr., et al., petitioners, Appellants,

v.

STATE of Minnesota, Respondent,

and

State of Minnesota, by its Commissioner of Transportation, petitioner, Respondent,

v.

Grove City Grain and Feed Company, Respondent Below,

and

Timothy R. Pieh, et al., Appellants.

Nos. A05–2424, A05–2525.

Supreme Court of Minnesota.

Sept. 13, 2007.

Charles E. Lundberg, David A. Turner, Bassford Remele, PA, Minneapolis, MN, John E. Mack, Mack & Daby, PA, New London, MN, for Appellants.

Lori Swanson, Attorney General, David M. Jann, Asst. Attorney General, St. Paul, MN, for Respondents.

## OPINION

MEYER, Justice.

Appellants Woodhall and Pieh (collectively appellants) appealed to the district court from separate condemnation awards. Respondent State of Minnesota filed motions to dismiss the appeals, and the district court granted both motions, holding that the court had no subject matter jurisdiction over the appeals because appellants failed to serve notice of appeal on all parties entitled to service under Minn.Stat. § 117.145 (2006). The appeals were consolidated, and the court of appeals affirmed dismissal of the appeals. We affirm.

In October 2002, the state filed a petition in Kandiyohi County District Court to acquire certain parcels of property in Kandiyohi County under the power of eminent domain.[1] With respect to a parcel of land designated as Parcel 34, the petition listed appellants John A. Woodhall, Jr., Donna I. Woodhall, John A. Woodhall III, Diane M. Woodhall, Douglas Woodhall, and Carmen Woodhall as having an interest as either a fee holder or spouse of a fee holder. The petition also listed Kandiyohi County as having a tax interest in Parcel 34. All of these parties were served with notice of filing of the petition.

In December 2002, the state filed a separate petition in Kandiyohi County District Court to acquire certain parcels of property in Kandiyohi County under the power of eminent domain. With respect to a parcel of land designated as Parcel 64, this petition stated that appellants Timothy R. Pieh and Mary B. Pieh had an interest as contract for deed vendees, Burton Van Ort had a fee interest, Ella Van Ort had an interest as spouse of the fee holder, Wells Fargo Bank had a mortgage interest, and Kandiyohi County had a tax interest. All of these parties were served with notice of filing of the petition.

The district court granted both petitions and appointed commissioners to determine the amount of damages sustained by each condemnee pursuant to Minn.Stat. § 117.075, subd. 2 (2006). The commissioners in both proceedings then made an award, and in both the Woodhall and the Pieh cases the state mailed notices of the commissioners' award to the same individuals or entities that were served with notices of the petitions and then filed the appropriate affidavits.

The Woodhalls, believing the commissioners' award to be inadequate, filed a notice of appeal with Kandiyohi County District Court and, at that time, served notice of appeal only on the Office of the Attorney General.[2] Similarly, the Piehs filed a notice of appeal with Kandiyohi County District Court and served notice only on the Office of the Attorney General.

The state moved to dismiss both appeals on the grounds that appellants failed to serve timely notices of their appeals on all

1. Under Minn.Stat. § 117.055, subd. 1 (2006), such a petition must name "all persons appearing of record or known to the petitioner to be the owners" of the land to be condemned. " 'Owner' includes all persons interested in such property as proprietors, tenants, life estate holders, encumbrancers, or otherwise." Minn.Stat. § 117.025, subd. 3 (2006).

2. Notice of the Woodhalls' appeal was subsequently mailed to the Kandiyohi County Treasurer/Auditor on May 23, 2005, after the 40–day appeal period had expired.

parties entitled to such notice under Minn. Stat. § 117.145. In response, appellants each argued that, though some parties to the condemnation proceedings were not served with a notice of appeal, the un-served parties retained no ongoing interest in the pertinent land at the time of the appeal and therefore were not entitled to notice. Appellants claimed that their appeals were proper because they served notice on all parties with ongoing interests in the subject properties.

The district court granted the state's motion to dismiss both appeals for the reason that Minn.Stat. § 117.145 required service on all the parties that received notice of the commissioners' awards.[3] In both cases, the district court dismissed the appeals concluding that appellants' failure to comply with section 117.145 deprived the court of jurisdiction.[4]

Appellants appealed separately, and the appeals were consolidated. In an unpublished opinion, the court of appeals affirmed the dismissals for lack of jurisdiction. *Woodhall v. State,* Nos. A05–2424 & A05–2425, 2006 WL 2053415 (Minn.App. July 25, 2006). The court of appeals held that Minn.Stat. § 117.145 unambiguously requires service of notice of appeal on all "respondents named in the eminent domain proceeding." *Id.* at *2.

On appeal to this court, appellants make three arguments. First, they argue that Minn.Stat. § 117.145 should be interpreted to require service only on those parties that retain an ongoing interest in the land that is the subject of the appeal. Second, appellants argue that the district court should not have dismissed the appeals because the court possessed subject matter jurisdiction even if appellants failed to give notice of their appeals to all parties entitled to such notice under Minn.Stat. § 117.145. Third, appellants argue that Minn.Stat. § 117.145 is unconstitutional if it requires service on parties that do not retain an ongoing interest in the land that is subject to the appeal.

## I.

The right to appeal from a commissioners' award in a condemnation case is governed by Minn.Stat. § 117.145, which states in relevant part:

> At any time within 40 days from the date that the [commissioners'] report has been filed, any party to the proceedings may appeal to the district court from any award of damages embraced in the report, or from any omission to award damages, by: (1) filing with the court administrator a notice of such appeal, and *(2) serving by mail a copy of such notice on all respondents and all other parties to the proceedings having an interest in any parcel described in the appeal who are shown in the petitioner's affidavit of mailing, required by section 117.115, subdivision 2, as having been mailed a notice of the report of the commissioners.*

(Emphasis added.)

Minnesota Statutes § 117.115, subd. 2 (2006), states in part:

> Within ten days after the date of the filing of the report of commissioners, the

---

3. The district court did not specify whether service was required because those parties retained ongoing interests in the parcel subject to the appeal or because Minn.Stat. § 117.145 required service on those parties regardless of whether they retained such an interest.

4. In the Woodhall case, the district court held that Kandiyohi County was an interested party entitled to notice of the appeal under Minn. Stat. § 117.145. In the Pieh case, the district court held that Kandiyohi County, the Van Orts, and Wells Fargo were entitled to notice of the appeal under Minn.Stat. § 117.145.

petitioner shall notify the following listed persons, by mail, of the filing of the report of commissioners setting forth the date of filing of the report, the amount of the award, and all the terms and conditions thereof as the same pertain to the respondent or party listed:

(1) each respondent listed in the petition as having an interest in any parcel described in the report;

(2) each other party to the proceeding whose appearance has been noted by the court in its order approving the petition under section 117.075; and

(3) each respondent's attorney.

Such notification shall be addressed to the last known post office address of each person notified. Notice of the filing of the report need not be given to parties initially served by publication under section 117.055. The petitioner shall file with the court administrator an affidavit of mailing of the notice, setting forth the names and addresses of all the persons so notified.

Appellants argue that Minn.Stat. § 117.145 is best read to require service on only those respondents and parties who have an actual interest in the land at the time of the appeal. Appellants assert that it would be "completely pointless" to require service of notice of appeal on respondents or parties who do not retain an interest in the condemned land that is the subject of the appeal and that such a requirement would be extremely broad, absurd, and unreasonable. Appellants concede that they did not serve Kandiyohi County, Wells Fargo Bank, and Burton and Ella Van Ort, despite the fact that each of the unserved respondents had been named in the respective condemnation pe-

titions, in the commissioners' award, and in the state's affidavit of mailing.[5] Rather, appellants served only those respondents who appellants claim had a property interest in the parcels described in their appeal.

The state argues that Minn.Stat. § 117.145 unambiguously requires service on "all respondents" and "all other parties to the proceedings having an interest in any parcel described in the appeal who are shown in the petitioner's affidavit of mailing." The court of appeals construed Minn.Stat. § 117.145 to require service of the notice of appeal on two groups: (1) all respondents; and (2) all other parties interested in the condemned land. *Woodhall*, 2006 WL 2053415, at *2. In this case, Kandiyohi County, Wells Fargo Bank, and Burton and Ella Van Ort (conceded by appellants to be respondents) are required to be served with notice of the appeal.

Our rules of statutory construction lead us to conclude that the state correctly describes the meaning of the statute. When the meaning of statutory language is clear, that meaning governs application of that statute. Minn.Stat. § 645.16 (2006). Words and phrases should be construed according to the rules of grammar and according to their common meanings, Minn.Stat. § 645.08, subd. 1 (2006), and, if possible, every law shall be construed to give effect to all its provisions, Minn.Stat. § 645.16. Applying these rules of construction, we conclude that the statute unambiguously requires service of an appeal on two separate groups: (1) all respondents, and (2) all other parties to the proceedings who are required by section 117.115, subdivision 2, to have been mailed notice of the commissioners' report. This construction is consistent with the clear language of the

---

**5.** Appellants contend it is undisputed that the unserved respondents had no interest in the property subject to condemnation. Respondents disagree and assert that these respon-

dents, in fact, each had an ongoing interest in the property. Because our decision today does not depend on a resolution of this fact question, we choose not to address it here.

statute and fairly applies the rules of grammar. *See Barnhart v. Thomas*, 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003) (a limiting clause or phrase should ordinarily read as modifying only the noun or phrase that it immediately follows; referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent).

Appellants suggest that a consequence of requiring service on all respondents, even if they have no ongoing interest in the parcel, is that a condemning authority could name any number of unrelated parties as respondents merely to make taking an appeal logistically burdensome. But neither our ruling nor the facts of this case suggest that the service requirement sweeps so broadly. It is unquestionable that each of the unserved respondents on which the ruling in this case was based had an interest in the affected parcel at the beginning of the condemnation proceeding. But requiring service of notice of appeal only on parties with an ongoing interest in the parcel subject to appeal would have the undesirable result of permitting the appealing party to unilaterally decide who does or does not have an interest in the property. While procedures exist to join additional parties at the appeal stage, there would be no clear mechanism for adjudicating which parties retain an ongoing interest. And if there is no penalty for failure to serve all parties entitled to service, there would be little incentive for appealing parties to accurately determine which parties retain ongoing interests in the parcel involved in the appeal. This would potentially result in confusion, inefficiencies, and inconsistent judgments. In contrast, requiring an appealing party to serve all respondents and other parties to whom notice is required by section 117.115, subdivision 2, results in neither confusion nor inefficiencies and promotes the goal of ensuring that all parties with a potential stake in the outcome of the proceedings are involved at all stages of the proceedings.

Regardless of the practical difficulties that would arise if we adopt appellant's interpretation of the statute, we conclude that the words of the statute unambiguously require service on all respondents and all other parties to the proceedings who are required by section 117.115, subdivision 2, to have been mailed notice of the commissioners' report.

## II.

■ The next question is whether the appeal may go forward without the notice of appeal having been served on all parties required by the statute. Appellants urge this court to hold that service of the notice of appeal is only necessary to obtain personal jurisdiction over respondents, and failure to serve any one respondent does not require dismissal of the appeal but rather means only that unserved parties are not bound by the outcome of the appeal. The state argues that the statute requires strict compliance with service of a notice of appeal and failure to serve all necessary parties deprives the district court of jurisdiction over the appeal.

We have repeatedly held that failure to comply with the statute governing appeals from eminent domain proceedings is a jurisdictional defect. *See, e.g., State v. Radosevich*, 249 Minn. 268, 271, 82 N.W.2d 70, 72 (1957) ("[U]nless the conditions prescribed by [the condemnation appeal] statute are observed, the court acquires no jurisdiction."). Appellants, citing as authority the special concurrence in *Hous. & Redevelopment Auth. ex rel. City of Richfield v. Adelmann*, 590 N.W.2d 327 (Minn. 1999) (Anderson, Paul H., J., concurring specially), urge the court to abandon this long-held position. They argue that a dis-

trict court obtains subject matter jurisdiction over eminent domain proceedings when the state files its initial condemnation petition, and they ask us to hold that the court retains subject matter jurisdiction through any appeal of the commissioners' award.

■ "The doctrine of stare decisis directs that we adhere to former decisions in order that there might be stability in the law." *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401, 406 (Minn.2000). Because there is sound basis for the current rule and because appellants have not supplied an adequate reason to abandon it, we decline to do so. Appellants failed to serve notice of appeal on all parties entitled to service under Minn.Stat. § 117.145, and therefore the district court has no subject matter jurisdiction over appellants' condemnation appeals.

### III.

■ Appellants argue that the right to just compensation for a government taking is a fundamental right, and they claim that "if Minn.Stat. § 117.145 were read to deny just compensation to a property owner for a reason as trivial as the failure to serve process on a [party] with no possible interest in the outcome of the litigation, [the statute's] constitutionality would be in considerable doubt." Appellants claim that "any attempt on the part of the legislative or executive branches to limit [this fundamental right] is subject to strict scrutiny." In addition, appellants claim that

the service requirement of Minn.Stat. § 117.145 is arbitrary and is therefore a denial of procedural due process.[6]

■■ The constitutionality of a statute is a question this court reviews de novo. *State v. Barnes*, 713 N.W.2d 325, 330 (Minn.2006). Appellants will not be denied just compensation even if their appeals are dismissed because they will still receive just compensation as determined by neutral commissioners. Moreover, appellants cite no authority for the proposition that the right to just compensation is not sufficiently protected by the award determination of the commissioners alone; i.e., that any mechanism for appeal of the commissioners' award is required or is a fundamental right. Accordingly, appellants' first constitutional claim is without merit.

■ A statute does not comport with due process when it is arbitrary or unreasonable. *See Int'l Harvester Credit Corp. v. Goodrich*, 350 U.S. 537, 547, 76 S.Ct. 621, 100 L.Ed. 681 (1956). Procedural due process does protect certain property interests, *see Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), but appellants make no argument that the right to appeal a condemnation award is a property interest. Furthermore, the service requirements of Minn.Stat. § 117.145 are not overly burdensome, and they are reasonably calculated to ensure service on all parties with an interest in the appeal. Accordingly, any forfeiture of the opportunity to appeal is due to appellants' failure to comply with

---

**6.** Neither the Woodhalls nor the Piehs raised this constitutional argument to the district court or the court of appeals. While an appellate court should generally not consider issues not raised to the courts below, it may decide an issue not determined by a lower court "where that question is decisive of the entire controversy and where there is no possible advantage or disadvantage to either party in not having a prior ruling on the ques-

tion." *Harms v. Indep. Sch. Dist. No. 300, LaCrescent*, 450 N.W.2d 571, 577 (Minn. 1990); *see also* Minn. R. Civ.App. P. 103.04 (appellate court may "take any * * * action as the interest of justice may require"). Because a statute's constitutionality is a purely legal issue and because the state briefed the issue, we do not prejudice the state by considering the constitutionality of Minn.Stat. § 117.145.

statutory requirements for serving notice of the appeal, rather than a violation of due process.

Affirmed.

Dissenting, ANDERSON, PAUL H. and PAGE, JJ.

ANDERSON, PAUL H., Justice (dissenting).

I respectfully dissent. For the reasons set forth in my special concurrence in *Hous. & Redevelopment Auth. ex rel. City of Richfield v. Adelmann*, 590 N.W.2d 327 (Minn.1999) (Anderson, Paul H., J., concurring specially), I disagree with the majority's conclusion that the district court has lost subject matter jurisdiction in this matter. Therefore, I would reverse and let this case proceed.

We need to be very cautious about how we treat the rights of persons when we apply the Takings Clauses which are more accurately described as the Eminent Domain Clauses [1] of *both* the United States Constitution and the Minnesota Constitution. In *State v. Jude*, we stated:

> The decisions in this state have never unduly restricted the owner's constitutional right to just compensation where there has been a taking of private property for public use under the powers of eminent domain. * * * Attempts on the part of a condemnor by technical means to defeat the landowner's right to his day in court have never been viewed with favor.

258 Minn. 43, 44, 102 N.W.2d 501, 503 (1960) (quoting *State v. Rust*, 256 Minn. 246, 253, 98 N.W.2d 271, 276 (1959)). In my view, the Takings Clauses do not expressly grant eminent domain powers to the government; eminent domain powers are rightly regarded as inherent powers of government. Rather, the Takings Clauses impose limitations on the exercise of this power, one limitation being the requirement that "just compensation be paid to the owner." [2] I regret that our jurisprudence has evolved to the point where we confuse the issues of subject matter jurisdiction and personal jurisdiction such that a failure to give notice to someone who does not have an interest in the condemned property can potentially thwart an owner's ability to receive "just compensation."

PAGE, Justice (dissenting).

I join in the dissent of Justice Paul H. Anderson.

---

**1.** William B. Stoebuck, *Takings Clause, in The Oxford Companion to the Supreme Court of the United States* 856 (Kermit L. Hall ed., 1992)

**2.** Stoebuck, *supra* note 1 at 856.