This opinion will be unpublished and
 may not be cited except as provided by
 Minn. Stat. § 480A.08, subd. 3 (2016).

 STATE OF MINNESOTA
 IN COURT OF APPEALS
 A16-0634

 Mark Randall,
 Appellant,

 vs.

 Healtheast/St. John’s Hospital,
 Respondent.

 Filed January 17, 2017
 Affirmed
 Connolly, Judge

 Ramsey County District Court
 File No. 62-CV-14-6899

Steve G. Heikens, Heikens Law Firm, Minneapolis, Minnesota (for appellant)

Mary O’Brien, Melissa D. Riethof, Meagher & Geer, P.L.L.P., Minneapolis, Minnesota
(for respondent)

 Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and

Reilly, Judge.

 UNPUBLISHED OPINION

CONNOLLY, Judge

 Appellant, formerly a volunteer intern at respondent hospital, challenges the

summary-judgment dismissal of his race-discrimination and reprisal claims under the
Minnesota Human Rights Act (MHRA). Before the district court, appellant claimed that

respondent had discriminated against him on the basis of race in education under Minn.

Stat. § 363A.13 (2014). Appellant does not challenge the dismissal of his educational

discrimination claim, but he asserts that the district court erred by (1) failing to address

whether respondent engaged in unfair discriminatory practices relating to employment

under Minn. Stat. § 363A.08 (2014) and whether the hospital could be held liable as a place

of public accommodation under Minn. Stat. § 363A.11 (2014); and (2) dismissing

appellant’s claim for reprisal under Minn. Stat. § 363A.15 (2014). Because appellant failed

to raise the employment discrimination and public-accommodation discrimination claims

to the district court and because his reprisal claim fails, we affirm.

 FACTS

 Appellant Mark Randall participated in a clinical internship at Healtheast/St. John’s

Hospital (respondent) while a student at Argosy University (Argosy). Appellant is an

African American who enrolled in Argosy’s radiation therapy program in 2011. As part

of the program, appellant was required to complete a nine-month, unpaid clinical rotation

with a healthcare provider after completing his coursework. In September 2012 he was

accepted into respondent’s radiation program; he was the only African-American trainee

in the program.

 Respondent has a Clinical Experience Agreement (CEA) with Argosy that permits

Argosy students to perform unpaid clinical rotations at respondent’s facilities. The CEA

explicitly states that internship students are not respondent’s employees. At the summary-

judgment hearing, appellant’s counsel stated “for the purposes of [summary judgment],

 2
[appellant is] not an employee, and we’ve never made [or] tried to make that argument.”

The CEA further states that respondent “shall have full and sole authority for patient care”

at its clinics and that “all students and school faculty participating in the [CEA] shall

comply with any instructions by [respondent] or its employees, agents, or representatives

concerning patient care.” While the CEA notes that Argosy “shall be solely responsible

for the quality, scope, curriculum, and all other aspects of the Clinical Experience[,]”

interns are required to follow respondent’s policies and procedures while onsite.

Respondent retains full authority and control over patient care and interns while they are

onsite, and interns are required to comply with respondent’s instructions regarding patient

care. Argosy did not control day-to-day tasks or responsibilities and Argosy never directed

respondent to take any particular action with respect to appellant.

 Appellant alleges that, during his internship, he was subjected to discrimination by

three radiation therapists assigned to train him and by the lead therapist who was also his

clinical supervisor. Appellant alleges that, on his first day, (1) the therapists made it clear

he was not welcome by greeting him abruptly and saying “Why are you here? We don’t

want you here”; (2) he was told that “his kind” were not welcome; and (3) was told there

were no jobs for him there. Appellant claims that he reported the discrimination to the lead

therapist and clinical supervisor, but she denies being told of the comments and stated that

appellant complained only of not being allowed to perform high-level tasks during his

internship. Appellant alleges that, in response to his complaints, the therapists chided him

and increased their hostility towards him, saying things like: “I’m a redneck and I’m proud

of it”; “they don’t like his kind up north”; and Dr. Martin Luther King’s dream was a

 3
“nightmare.” Appellant further alleges that the therapists used a racist phrase when

referring to black people’s hair and that one of them whistled the tune “Dixie” near him.

The therapists deny all these allegations.

 On November 2, 2012, a meeting was held to discuss appellant’s internship. During

the meeting, representatives of Argosy allegedly said that it was withdrawing appellant

from the internship because it believed the internship situation was not in appellant’s best

interest. Appellant claims that respondent wanted Argosy to remove him, but respondent

asserts that it could have freely dismissed appellant but chose not to.

 In December 2012, appellant sent respondent a letter alleging race discrimination

and filed a charge of discrimination with the Minnesota Department of Human Rights. The

charge was dismissed as a result of a “no probable cause” determination, and appellant was

issued a right-to-sue notice on August 28, 2014.

 In October 2014, appellant filed a complaint against respondent and Argosy arguing

that they engaged in discrimination under the MHRA and that respondent retaliated against

him for his statutorily protected conduct. Pursuant to a stipulation, the claims against

Argosy were dismissed.

 Respondent filed a motion for summary judgment on the grounds that: (1) appellant

cannot state a claim for race discrimination in employment under Minn. Stat. § 363A.08

and the lawsuit was not brought within the context of an employer-employee relationship;

(2) appellant cannot state a claim of race discrimination in education under Minn. Stat.

§ 363A.13 because respondent is not an educational institution nor an agent of an

educational institution; and (3) appellant cannot state a claim for reprisal under Minn. Stat.

 4
§ 363A.15 because he cannot establish that he engaged in any statutorily protected conduct.

In his memorandum opposing respondent’s motion for summary judgment, appellant relied

solely on the argument that respondent was either an educational institution under Minn.

Stat. § 363A.13, subd. 1, or an agent of an educational institution. Appellant provided no

argument regarding employment discrimination under Minn. Stat. § 363.08 or

discrimination in a place of public accommodation under Minn. Stat. § 363A.11.

 On November 19, 2015, the court heard oral arguments. The following conversation

occurred between the Court and appellant’s attorney:

 [The Court]: [I]t’s only through the educational institution that
 he gets that protection from the statute, from the legislature?
 There’s no other independent claim . . . [or] law that protects
 him from the kind of discrimination he’s claiming? It has to
 go through this educational institution channel? Is that what
 the state of the law is in Minnesota?
 ....
 Or why is this the avenue of relief rather than being protected
 from discriminatory behavior by people that he’s in a situation
 with in a work environment like this?
 [Appellant’s attorney]: Well, no. This avenue . . . is pursued
 because . . .
 [The Court]: Because he’s not an employee?
 [Appellant’s attorney]: Well, he’s not an employee. But even
 if he were an employee, yes, that changes the analysis because
 you’re not talking about agency then.
 [The Court]: Right.
 [Appellant’s attorney]: But we would still be bringing the
 claim under the [MHRA]. . . . And so to the question of . . .
 whether this is his sole avenue, for all intents and purposes,
 yes, at the state level, it is filing this claim under the [MHRA]
 and . . . doing so under the provisions that are afforded in that
 act. And in this case it’s education and the State has defined
 . . . education, or educational institution . . . .
 ....
 [The Court]: And under the [MHRA], that’s the only . . .
 avenue of relief for him?

 5
 [Appellant’s attorney] Yes. Yes. . . . [F]or purposes of this,
 he’s not an employee, and we’ve never made [or] tried to make
 that argument.

(Emphasis added.)

 The district court granted respondent’s motion for summary judgment, concluding

that respondent was not an educational institution and had no agency relationship with

Argosy and therefore there could not be discrimination by an educational institution under

the MHRA. Because there could not have been any discrimination by respondent as an

educational institution, the district court dismissed the reprisal claim.

 DECISION

 Appellant argues that the district court (1) erred in failing to find that respondent

was liable for discrimination in employment because Minn. Stat. § 363A.08, providing

protection for people discriminated against in their employment on the basis of race,

includes appellant; (2) misinterpreted the MHRA by failing to find that the hospital was a

“place of public accommodation”; and (3) erred when it determined that his reprisal claim

was moot.

 Generally, “litigants are bound [on appeal] by the theory or theories, however

erroneous or improvident, upon which the action was actually tried below[,]” Annis v.

Annis, 250 Minn. 256, 262-63, 84 N.W.2d 256, 261 (1957), and an appellate court will not

consider matters not argued to and considered by the district court. Thiele v. Stich, 425

N.W.2d 580, 582 (Minn. 1988). The only issue before the district court on summary

judgment was whether respondent was either an educational institution or an agent of the

educational institution under the MHRA. On appeal, appellant argues that the MHRA

 6
applies because the alleged incidents qualified as employment discrimination and that he

was discriminated against in a place of public accommodation in violation of the MHRA.

Neither of these theories was presented to the district court. Appellant’s counsel clearly

stated, at the summary-judgment hearing, that the only relief available to appellant under

the MHRA is based on respondent’s status as an “educational institution.”1 Appellant did

not argue discrimination in employment or in a place of public accommodation in his

memorandum in opposition to respondent’s motion for summary judgment.

 In his reply brief, appellant argues that discrimination is the same theory whether it

is educational-institution discrimination, employment discrimination, or place-of-public-

accommodation discrimination and therefore the alternate theories can be considered by

this court. Appellant states that he “specifically pled chapter 363A and pled that he had

opposed the practice of racial remarks and it interfered with his enjoyment and full

utilization. This languages applies to both public accommodations and educational

institutions.” However, these three theories are governed by separate sections of the

MHRA, each of which has different statutory requirements. See Minn. Stat. §§ 363A.08,

.11, .13 (sections of the MHRA that deal with employment discrimination, public-

accommodations discrimination, and educational institution discrimination, respectively).

 Appellant also argues that we should apply the well-established exception to Thiele

that allows us to consider an issue that is plainly decisive of the entire controversy when

the lack of a district court ruling causes no possible advantage or disadvantage to either

1
 Appellant’s appellate attorney is not the same attorney who represented him at the district
court.
 7
party. See Watson v. United Servs. Auto. Ass’n, 566 N.W.2d 683, 687 (Minn. 1997)

(deciding an issue on appeal where it was a novel issue of first impression, statute-based

theory, and undisputed facts); see also Woodhall v. State, 738 N.W.2d 357, 363 n.6 (Minn.

2007) (addressing the constitutionality of a statute questioned for the first time in the

supreme court “[b]ecause a statute’s constitutionality is a purely legal issue and because

the state briefed the issue, we do not prejudice the state by considering the constitutionality

of [the statute]”). Appellant claims that “[t]he parties in this case do not dispute the facts;

thus, there is no possible advantage or disadvantage to either party in not having had a prior

ruling by the district court on the question.” We disagree.

 The lack of a district court ruling would cause a severe disadvantage to respondent.

Both parties agreed that the only issue on summary judgment was whether respondent was

either an educational institution or the agent of an educational institution. The district court

judge clearly asked appellant’s attorney if there were any other theories that could be

considered and was told that educational-institution theory was the only one. No other

theory was argued or briefed at the district court. Respondent did not depose witnesses

and collect facts to refute the allegation that an employer/employee relationship existed

between appellant and respondent for purposes of the MHRA or that respondent met the

criteria for a place of public accommodation. Because we conclude that appellant is limited

on appeal to the arguments presented to the district court and because the exception to the

rule does not apply, we decline to consider his employment and public-accommodation

discrimination claims.

 8
 Because the district court concluded that no discrimination claim under the MHRA

was possible, it dismissed appellant’s reprisal claim as moot.

 It is an unfair discriminatory practice for any individual who
 participated in the alleged discrimination as a perpetrator,
 employer . . . educational institution . . . or employee or agent
 thereof to intentionally engage in any reprisal against any
 person because that person: opposed a practice forbidden under
 this chapter.

Minn. Stat. § 363A.15. When the district court concluded that respondent was not an

educational institution, or an agent thereof, it implicitly concluded that Minn. Stat.

§ 363A.15 did not apply because respondent did not, by law, participate as a perpetrator or

as an educational institution in the alleged discrimination. On appeal, appellant again

alleges that respondent participated in discrimination as an employer or place of public

accommodation and that therefore, his reprisal claim is not moot. But, as we have already

concluded, appellant did not properly raise the issues of employment or public-

accommodation discrimination in district court, and we decline to consider those

arguments for purposes of the reprisal claim as well.

 Because appellant has not provided any argument that the district court’s

educational institution or agency determinations were made in error, we affirm the district

court’s grant of summary judgment to respondent.

 Affirmed.

 9