R. K. WHITELY *vs.* MISSISSIPPI WATER POWER & BOOM COMPANY.

June 15, 1888.

New Trial for Excessive Verdict — Appeal.—Upon an examination of the record, it is held that the question of the propriety of granting a new trial in this case, on the ground that the verdict was not justified by the evidence, was within the discretion of the trial court.

Same — Respondent cannot Allege Exceptions.—A party who appeals from an order setting aside a verdict, and granting a new trial, cannot in the appellate court impeach the verdict, or be heard upon exceptions taken by him to rulings on the trial which terminated in such verdict.

Eminent Domain—Jurisdiction—Waiver of Objections.—Where a land-owner appears before commissioners in condemnation proceedings appointed upon petition duly filed, and is heard in respect to his damages, and thereafter appeals from their award, he will be deemed to have submitted to the jurisdiction of the court, and to have waived irregularities in the proceedings for the appointment of the commissioners.

Same—What Benefits may be Considered.—In considering benefits to that portion of an entire tract not taken under such proceedings, only such as result directly and peculiarly to the particular tract are to be allowed.

Appeal by plaintiff from an order of the district court for Crow Wing county, *Sleeper*, J., presiding, setting aside a verdict of $2,500 in condemnation proceedings.  The commissioners had awarded $740; and plaintiff had appealed from the award.

*Leon E. Lum*, for appellant.

*G. S. Fernald* and *E. N. Donaldson*, for respondent.

VANDERBURGH, J.   These proceedings were instituted for the condemnation of certain lands of the plaintiff, appellant, lying in the county of Crow Wing, found necessary to be appropriated for the corporate use and purposes of the respondent company.   The plaintiff appealed, from the award of the commissioners appointed to appraise damages, to the district court, where a reassessment by the jury resulted in a large increase in the amount awarded.   A new trial was granted upon defendant's application, and against the objection of the plaintiff, on the ground, chiefly, that the verdict was

not, in the judgment of the trial court, fairly justified by the evidence. From the order granting a new trial the plaintiff appeals to this court. We are then to consider on this appeal the grounds upon which the motion for a new trial was granted by the trial court, and the appellant, who is here defending the verdict and opposing any new trial, is not entitled to be heard in respect to adverse rulings claimed to be erroneous and prejudicial to him, occurring on the trial which culminated in such verdict.

After an examination of all the evidence, we are of the opinion that the question of the propriety of granting a new trial upon the ground stated was within the sound discretion of the trial court, and that this court should not interfere. The proposed improvement will cause a large portion of plaintiff's land to be overflowed. It is claimed by him to be very valuable as meadow land, and it was owned and occupied by him with other lands as one tract or parcel, and was so treated on the trial. There was a wide range in the testimony of the witnesses, and great diversity of opinion in respect to the market value of the land taken. Evidence of the productiveness of the meadow, and the quality of the grass, and the situation and character of the land, (upon which the witnesses also differed,) was proper and material to enable the jury the better to estimate the value, and apply other evidence, including the opinions of witnesses testifying as to the market value. It can hardly be said that the evidence so preponderates in favor of the verdict as to warrant us in reversing the trial court. The court was of the opinion that the jury must have been unduly influenced by the testimony as to the amount and price of the hay produced upon the land, as against the evidence as to its market price or value, and that, upon a comparison and examination of all the evidence, the damages allowed were too large. We see nothing in the state of the record that warrants us in saying that the court was wrong in taking this view of the evidence on the motion for a new trial.

The court also states, as a further ground for its decision, that the jury did not give due weight "to the evidence of the benefits to the land adjoining the overflow." It does not appear, however, that this reason was controlling, nor are we able certainly to conclude from

the record that the court adopted a wrong rule in applying the evidence in relation to the allowance of benefits. But, in view of another trial, we ought to express our opinion on this and one or two other questions likely to again arise. The plaintiff, if he had asked therefor, was undoubtedly entitled to more explicit instructions defining the rule on the subject of benefits, applicable to this class of cases, than was given. The benefits to be considered and allowed by the jury, where only a part of an entire tract is taken, are not such as are common to lands generally in the vicinity, but such as result directly and peculiarly to the particular tract in question; as, for instance, where property is made more available and valuable by opening a street through it, or when land is drained or otherwise directly improved. So, in this case, if any part of the meadow not taken, bordering on the overflowed land, is benefited, or if the property is directly made more available for practical and advantageous use and enjoyment by the improvement. Mills, Em. Dom. (2d Ed.) § 152 *et seq.* But remote or speculative benefits, in anticipation of a rise in property for town-site purposes, or, generally, by reason of the proposed improvement of a water-power and the erection of mills in the vicinity, cannot be considered.

It was also claimed by plaintiff on the trial that, as respects him, the condemnation proceedings were *coram non judice.* The petition, it seems, was presented to the court in due form, and subsequently duly filed in the county of Crow Wing, where the land is located. Upon such presentation the commissioners were appointed by the court upon notice served by leaving the same at the residence of the plaintiff, but the hearing therefor was had before the court, in pursuance of the terms of the notice, in the county of Marshall in the same district. The plaintiff, however, appeared before the commissioners, and was heard in respect to the amount of his damages; and, being dissatisfied with the award filed by them, appealed therefrom in pursuance of Gen. St. 1878, *c.* 34, § 23. The appeal (section 25) brought before the appellate court the propriety of the amount awarded for damages, as respects the parties thereto. The presenting and filing of the petition gave the court jurisdiction of the subject-matter, and the irregularity in the place named for the presentation of the

petition might be waived; and, even if it went to the jurisdiction of the court over the plaintiff, the objection, we think, was waived by appearing and taking part in the proceedings before the commissioners, and appealing from the award. He thereby acknowledged and submitted to the jurisdiction of the court. *Rheiner* v. *Union Depot, etc., Co.*, 31 Minn. 289, (17 N. W. Rep. 623;) *Atchison, T. & S. F. R. Co.* v. *Patch*, 28 Kan. 470.

Order affirmed.