STATE, BY ROBERT W. MATTSON,
ATTORNEY GENERAL, v. KENNETH L. GOINS
AND OTHERS.
LOUIS LAVORATO AND OTHERS, APPELLANTS.

174 N. W. (2d) 231.

January 23, 1970—No. 41734.

*Lindquist & Vennum, Melvin I. Orenstein,* and *John B. Winston,* for appellants.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *James M. Perrigo,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Graff, JJ.

NELSON, JUSTICE.

The State of Minnesota initiated a condemnation proceeding wherein it sought to acquire by eminent domain certain real estate situated in Ramsey County. The two parcels of land in-

volved here will be referred to as Parcel 6A and Parcel 6B. Commissioners were appointed by the Ramsey County District Court to assess the resultant damages for which the property owners were entitled to be compensated. On October 19, 1966, the commissioners awarded damages to appellants Louis Lavorato and Angeline Lavorato in the amount of $2,900 for Parcel 6A and to appellants Albert L. Lavorato and Agnes G. Lavorato in the amount of $2,700 for Parcel 6B.

On November 15, 1966, within the 40-day time period during which an appeal from the commissioners' award may be taken, the state appealed both awards. The appellant property owners did not appeal the awards. With respect to Parcel 6B, trial was set for September 9, 1968. However, prior to that time, on August 21, 1968, the state dismissed its appeal with prejudice on its own motion with no order from the court. On September 30, 1968, the case with respect to Parcel 6A came to trial in district court. At that time, the state moved that its appeal from the award for Parcel 6A be dismissed. At the same time, the property owners moved that the state's dismissal with respect to Parcel 6B be stricken and that the matter be reinstated on the jury trial calendar. On October 7, 1968, orders were entered dismissing the state's appeal with respect to Parcel 6A, granting the state's motion to dismiss with respect to Parcel 6B, and denying the property owners' motion to strike the state's dismissal with regard to Parcel 6B. This appeal is the result of these orders.

The issue presented is whether a condemning authority which has appealed from an award of court-appointed commissioners may dismiss its appeal pursuant to Rule 41.01, Rules of Civil Procedure, without the consent of the condemnee where no appeal has been filed by the condemnee.

■ Minn. St. 117.20, subd. 4, allows any party to a condemnation proceeding 40 days in which to appeal from an award of damages by the commissioners or a failure to award damages. In the instant case, the state, as condemnor, was the only party

to seasonably file its notice of appeal. The filing of the notice of appeal is jurisdictional in a condemnation proceeding in this state, and the court cannot extend the statutory filing period. Thus, unless the conditions prescribed by statute are observed, the court acquires no jurisdiction. State, by Lord, v. Radosevich, 249 Minn. 268, 82 N. W. (2d) 70.

■ Minn. St. 117.20, subd. 8(c), provides that the trial on appeal shall be conducted according to the rules applicable to ordinary civil actions in the district court. Therefore, after the filing of an appeal in district court from the commissioners' report in an eminent domain proceeding, it becomes a judicial proceeding and the rules of civil procedure apply. State v. Robinson, 266 Minn. 166, 123 N. W. (2d) 812; State, by Lord, v. Pearson, 260 Minn. 477, 110 N. W. (2d) 206.

■ In the instant case, the condemnor's appeals were dismissed under Rule 41.01, which allows the plaintiff to voluntarily dismiss his action either by filing a notice of dismissal at least 10 days prior to trial or by order of the court. Each of these methods was used by the state here.

Appellants contend that once an appeal in a condemnation case is filed in district court, the landowner becomes the plaintiff in the action, and since only the plaintiff can dismiss an action under Rule 41.01, the state should have been precluded from dismissing its appeal unless it had the consent of the landowners. Such contention is based on judicial decisions placing the burden of establishing and proving damages on the landowner, who consequently occupies the position of plaintiff. State, by Lord, v. Pearson, *supra.*

Appellants rely on Minneapolis, St. P. R. & D. Elec. Traction Co. v. Goodspeed, 128 Minn. 66, 150 N. W. 222, for the proposition that the landowner assumes the position of plaintiff on appeal. There a landowner appealed from a commissioners' award on the grounds of inadequacy of damages. Prior to the trial but after the time for any further appeal from the award, she dismissed her appeal and thereafter applied to the court for an

order confirming the award. The application was granted, and the condemnor appealed on the grounds that the landowner could not dismiss her appeal without the consent of the condemnor. This court upheld the landowner's right to dismiss on the grounds that, under the facts before it, she was in the position of plaintiff and could therefore dismiss her own action without consent of the condemnor.

Goodspeed is not authority for the proposition that in all appeals from condemnation awards the landowner becomes the plaintiff for purposes of dismissal, as contended by appellants. It is true that in the fact situation presented in Goodspeed the landowner was deemed the plaintiff for purposes of voluntary dismissal. However, this was so only because the landowner was the party who appealed the award. Thus, the landowner's position as plaintiff was due to the fact that she was the appellant, and not because she was the landowner. The correct rule under Goodspeed, therefore, is that a condemnor who has appealed from a condemnation award may dismiss its appeal under a statute granting to the plaintiff the right of voluntary dismissal.

However, even though the plaintiff may dismiss his action under Rule 41.01, the rule prohibits such dismissal if a provisional remedy has been allowed or a counterclaim made or other affirmative relief demanded in the answer. The landowner-appellants contend that even if it is determined that they are not plaintiffs for purposes of dismissal, the condemning authority still may not dismiss the action, since the landowners have demanded affirmative relief in the form of just compensation for the taking of property.

■ "Affirmative relief" is defined in Rhein v. Rhein, 244 Minn. 260, 262, 69 N. W. (2d) 657, 659, as "that for which the defendant might maintain an action entirely independent of plaintiff's claim, and which he might proceed to establish and recover even if plaintiff abandoned his cause of action, or failed to establish it." In the instant case, it was necessary for the landowners to file an appeal in order to demand affirmative relief.

Since they did not do so, it cannot be said that they had a claim independent of the plaintiff's claim. A demand for affirmative relief cannot be implied or assumed.

In Felker v. Iowa State Highway Comm. 255 Iowa 886, 124 N. W. (2d) 435, the highway commission instituted condemnation proceedings, and, being dissatisfied with the award, served notice of appeal. The landowners then filed their petition pursuant to an Iowa statute which specifically designated the landowner as plaintiff in an appeal from a condemnation award and required plaintiff to file a written petition on appeal. See, Iowa Code 1966, §§ 472.21, 472.22. The highway commission then attempted to dismiss the appeal pursuant to the rules of civil procedure, claiming that it could do so because of the condemnees' failure to appeal the commissioners' award. The Iowa Supreme Court held that the plaintiffs' petition, submitted upon defendant's appeal from the award, was in substance a counterclaim. The court pointed out that in effect the plaintiffs demanded affirmative relief in the form of an award greater than that recommended by the condemnation commissioners. The defendant answered, and the matter was at issue. Thus, since the plaintiffs plainly asserted a claim, the defendant could not dismiss its appeal without the plaintiffs' consent.

The Felker case is significant in two respects: In order to demand affirmative relief under the rules, it is necessary for a party to file either an answer, a counterclaim, or his own appeal. A party cannot rely on his adversary's appeal as the basis of his demand for affirmative relief. The Felker case is also significant for its discussion of an earlier Iowa case, Hanley v. Iowa Elec. Co. 187 Iowa 590, 174 N. W. 345, which held that when the condemnor took the appeal and the condemnee had not served notice of appeal, the condemnor could dismiss his appeal at any time. The Felker court distinguished Hanley on the grounds that at the time of the decision there were no statutory provisions such as Iowa Code 1966, §§ 472.21, 472.22, requiring the condemnee to file a petition and the condemnor to file an answer,

thereby placing the condemnee in the position of plaintiff for purposes of voluntary dismissal.

The instant case is distinguishable from Felker on the grounds that the statutory provisions involved in that case are not present here. Therefore, pursuant to Rule 41.01 the state should be allowed to voluntarily dismiss its appeal without the consent of the landowners.

Appellants also contend that it is inequitable and unjust for the state to mislead property owners into thinking the case will be adjudicated by filing notices of appeal and then dismissing the appeals when the appeal period has expired, citing State, by State Highway Commr. v. Stark, 95 N. J. Super. 152, 230 A. (2d) 184. In Stark the State of New Jersey appealed from a commissioners' award in condemnation. The property owners did not appeal the award. Subsequently, the state dismissed its appeal. The Superior Court of New Jersey held the dismissal proper. However, the court also stated that since there were no New Jersey statutes, rules, or cases for the property owners to follow, it would conform with traditional notions of justice if they were allowed to file their own notice of appeal. Thus, the ultimate holding in Stark was that the property owners were allowed to file their own notice of appeal, but that in future cases all parties who were dissatisfied with a commissioners' award would be required to file a timely notice of appeal.

The Stark case is distinguishable from the case at bar. The New Jersey Eminent Domain Act, N. J. Stat. Ann. § 20:1-1, et seq., does not specify what procedural rules are to be followed in appeals from commissioners' awards. In contrast, however, Minn. St. 117.20, subd. 8(c), specifically provides that "the trial [on appeal] should be conducted and the cause disposed of according to the rules applicable to civil actions in district court."

A further distinction between Stark and the instant case is that in New Jersey, the pertinent rule of court, R. R. 4:92-6, which coincides with N. J. Stat. Ann. § 20:1-16, allows the court to extend the period for filing appeals up to 30 days for good

cause shown. Thus, an opportunity for discretion seems to be present. In Minnesota, however, there is no statutory authority for extension of the appeal period. Minn. St. 117.20, subd. 4.

The state's right to dismiss can also be upheld on policy grounds. Its action in dismissing an appeal is based on an administrative decision by the state's agents that the public interest will better be served if the appeal is not prosecuted. A contrary holding would be detrimental to the public in terms of expenditures of money and time. Furthermore, a judgment prohibiting the state from dismissing its appeal might well infringe on the state's discretionary powers by causing it to hesitate to take appeals at all, especially in borderline cases. Recognition of the right to dismiss should also tend to avoid calendar problems and delaying tactics and thus to promote finality of such litigation.

Since there is no evidence that the state brought its appeals in bad faith or with intent to mislead the landowners into thinking they might contest the award, whether or not they themselves had filed statutory appeals, and since the landowners did not demand relief until after the dismissal by the state, under Rule 41.01, Rules of Civil Procedure, the state as plaintiff may properly dismiss its appeals as of right or at the discretion of the trial court at any time prior to the commencement of the trial.

We therefore affirm the orders of the district court dismissing the appeal with respect to Parcel 6A, denying the landowners' motion to strike the dismissal with regard to Parcel 6B, and dismissing that appeal.

Affirmed.