**Martin C. JUDD, Respondent,**

**v.**

**STATE of Minnesota, by Hubert H. HUMPHREY, its Attorney General, Appellant.**

**No. C3–92–869.**

Court of Appeals of Minnesota.

Sept. 8, 1992.

See also 488 N.W.2d 507.

James W. Nelson, Fitzpatrick, Larson, Fitzpatrick, Nelson, Brainerd, for respondent.

Hubert H. Humphrey, III, Atty. Gen., James C. Donnelly, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and SCHUMACHER, JJ.

## OPINION

CRIPPEN, Judge.

In this appeal the State of Minnesota challenges a trial court order denying the state's motion to dismiss respondent Martin C. Judd's appeal of a condemnation award for lack of jurisdiction on the ground Judd failed to comply fully with Minn.Stat.

§ 117.145 (1990). Judd timely filed and mailed copies of his notice of appeal to all other parties of record having an interest in the land described in the appeal, but did not timely mail a copy of the notice to the state, the condemning authority. We reverse.

## FACTS

In 1989, the state began this eminent domain proceeding to acquire highway right-of-way. The state filed for the public record a notice of lis pendens on land owned in fee by respondent. Subsequently, the right to condemn this land was judicially recognized, and in May 1990 title and possession of land was transferred to the state.

Respondent appeared pro se at a hearing conducted by court-appointed commissioners to determine damages. On either December 2 or 4, 1991, the commissioners filed a report with the trial court awarding $4850 damages to respondent.

On December 9, 1991, the state mailed a notice of award letter to respondent and informed him the period for appealing the award would expire on January 11, 1992, pursuant to Minn.Stat. § 117.145 (1990). On January 10, 1992, respondent filed a notice of appeal with the district court administrator and attached an affidavit to show an earlier mailing of a copy of the notice to all parties of record with an interest in the land but omitting the state as a notified party.

The trial court notified respondent and the state that an order requiring submission of scheduling information had been filed. On February 4, 1992, the state mailed a notice of its motion to dismiss for lack of jurisdiction to respondent, and he then mailed a copy of his notice of appeal to the state.

The trial court denied the state's motion to dismiss for lack of jurisdiction and this appeal of the state followed.

## ISSUE

Did the trial court err in holding that failure to mail notice of appeal to the state within the statutory time period was not a sufficient cause for dismissal of the appeal?

## ANALYSIS

Minn.Stat. § 117.145 (1990) provides:

At any time within 40 days from the date that the report has been filed, any party to the proceedings may appeal to the district court from any award of damages * * * by filing with the court administrator a notice of such appeal and mailing a copy of such notice to all parties of record having an interest in lands described in the appeal. Within ten days of the date of mailing any other party may appeal. The notice shall specify the particular award * * * appealed from, the nature and amount of the claim, the land to which it relates, and the grounds of the appeal.

It is unquestioned that if an appeal is not filed within the 40–day statutory period, the district court does not acquire jurisdiction and cannot expand the statutory filing period. *State v. Goins,* 286 Minn. 54, 57, 174 N.W.2d 231, 233 (1970). However, this case of first impression raises two other issues of statutory construction.

First, is mailing of a copy of the notice of appeal to all "parties of record having an interest in lands described in the appeal" within the statutory time period a jurisdictional requirement under Minn.Stat. § 117.145? Second, is the state a party of record "having an interest in lands described in the appeal" within the meaning of this statute?

1.

■ We conclude it was error to hold that the timely filing of the notice of appeal was sufficient to give the court jurisdiction. Minn.Stat. § 117.145 clearly and unambiguously provides that the notice be filed and mailed within the 40–day statutory time period. Under the statute, the state's cross-appeal rights commence upon mailing, demonstrating jurisdictional importance of this step.

The trial court misplaced reliance on the holding of *State v. Rust,* 256 Minn. 246, 253, 98 N.W.2d 271, 276 (1959). In *Rust,*

the state objected to the form of notice and the standing of the party who filed the notice of appeal. *Id.* at 249, 98 N.W.2d at 274. The supreme court said:

The decisions in this state have never unduly restricted the owner's constitutional right to just compensation where there has been a taking of private property for public use under the powers of eminent domain. Attempts on the part of a condemnor by technical means to defeat the landowner's right to his day in court have never been viewed with favor.

*Id.* at 253, 98 N.W.2d at 276. However, the supreme court also went on to say:

The statute should not be construed so as to deprive a landowner of his day in court unless the clear language of the statute requires such construction.

*Id.*, 98 N.W.2d at 276–77 (quoting *State v. Radosevich*, 249 Minn. 268, 275, 82 N.W.2d 70, 74 (1957)). The statute here contains clear language requiring both filing and mailing.

### 2.

■■■ Statutory construction is a question of law subject to de novo review. *Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126, 128 (Minn.1990). If possible, every law should be construed "to give effect to all its provisions." Minn.Stat. § 645.16 (1990). If a statute's language is clear and free from ambiguity, the courts' duty is to give effect to the statute's plain meaning. *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986) (citing Minn.Stat. § 645.16). As a general rule, "words and phrases are construed according to rules of grammar and according to their common and approved usage." Minn. Stat. § 645.08(1) (1990).

■■■ The trial court held that the state is not a party of record "having an interest in lands described in the appeal" within the meaning of Minn.Stat. § 117.145. The court reasoned that the state did not have an interest in the land prior to the commencement of the eminent domain proceeding. Nonetheless, the statutory language does not limit the interests "in lands described in the appeal" to those existing prior to the commencement of the eminent domain proceeding. Moreover, the concept of eminent domain arises for the state's inchoate interest in lands within Minnesota. The state was entitled to notice.

### DECISION

Minn.Stat. § 117.145 requires mailing of a copy of the requisite notice of appeal within the 40–day statutory time period. Because respondent did not comply with the statute, his appeal to district court must be dismissed.

Reversed.