**INDEPENDENT SCHOOL DISTRICT NO. 194 LAKEVILLE, Petitioner, Appellant,**

v.

**TOLLEFSON DEVELOPMENT, INC., et al., Respondents.**

No. C1–93–511.

Court of Appeals of Minnesota.

Sept. 28, 1993.

Review Denied Nov. 16, 1993.

Paul C. Ratwik, Jay T. Squires, Ratwik, Roszak, Bergstrom & Maloney, P.A., Minneapolis, for appellant.

Daniel J. Beeson, Elizabeth J. Wolf, Joseph P. Lally, LeVander, Gillen & Miller, P.A., South St. Paul, for respondents.

Considered and decided by FORSBERG, P.J., and PETERSON and THOREEN, JJ.

## OPINION

JOHN F. THOREEN, Judge.*

Appellant Independent School District No. 194 (the school district) challenges the district court's order denying its motion to dismiss respondents' appeal of a condemnation award under Minn.Stat. § 117.145 (1992) for lack of subject matter jurisdiction. We reverse.

## FACTS

In October 1987, respondent Tollefson Development, Inc. (Tollefson), purchased a 154–acre parcel of land from Bernard and Elizabeth Schweich and Mary Schweich by contract for deed. Tollefson acquired the prop-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

erty for single-family residential development.

In May 1990, Tollefson sold its vendees' interest in the property to respondent Indian Hills of Lakeville, Inc. (Indian Hills), by contract for deed. The sole and equal shareholders of Indian Hills are Carl Tollefson and Norman Vogelpohl. Norwest Bank held a mortgage on the property which was subsequently assigned to Vogelpohl. Bernard and Elizabeth Schweich later asserted an interest in the property under the contract for deed for the equivalent value of one "superior lot" in the Indian Hills Development.

Before development of the property occurred, appellant school district commenced a condemnation proceeding to acquire a 57–acre portion of the Indian Hills development to build a new high school. The district court approved the condemnation and authorized a quick take transfer of title and possession to the school district pursuant to Minn.Stat. § 117.042 (1990). The court appointed commissioners to determine damages.

In December 1991, the district court issued an order in which it found that the Schweichs "have an interest equivalent to one lot in the land being acquired by [the school district]." In April 1992, the court ordered that certain funds remain on deposit with the court to insure payment of the Schweichs' claim.

At the commissioners' hearings, neither Vogelpohl nor the Schweichs presented any evidence as to damages. On September 23, 1992, the commissioners filed an award of $725,000 in damages, as well as a supplemental report determining the value of the "superior lot" for the Schweichs' claim.

Tollefson and Indian Hills appealed the award and the supplemental valuation, requesting a de novo jury trial. They filed their notice of appeal with the district court and served the notice of appeal on the school district within the required time but did not serve Vogelpohl or the Schweichs.

On January 8, 1993, after the time for appeal had expired, the school district moved to dismiss the appeal, claiming that the court lacked subject matter jurisdiction because parties of record having an interest in the land at issue, Vogelpohl and the Schweichs, had not been served as required by Minn. Stat. § 117.145. The court denied the motion.

## ISSUE

Did the district court err in ruling that the failure to serve the notice of appeal on co-condemnees whose interests would not be adversely affected by the appeal did not deprive the court of jurisdiction?

## ANALYSIS

 Minn.Stat. § 117.145 (1992) provides the procedure for appeal of a condemnation commission award:

At any time within 40 days from the date that the [commissioners'] report has been filed, any party to the proceedings may appeal to the district court from any award of damages * * * by filing with the court administrator a notice of such appeal and mailing a copy of such notice to all parties of record having an interest in lands described in the appeal.

This court recently considered the jurisdictional requirements for perfecting an appeal pursuant to section 117.145. *Judd v. State*, 488 N.W.2d 843 (Minn.App.1992). Filing the notice of appeal within the 40–day statutory period is clearly a jurisdictional requirement. *Id.* at 844 (citing *State v. Goins*, 286 Minn. 54, 57, 174 N.W.2d 231, 233, (1970)). We also held that, because the statute clearly and unambiguously provided that the notice of appeal be filed *and* mailed, mailing is also a jurisdictional requirement. *Id.* (importance of mailing for jurisdictional purposes borne out by statute's provision that cross appeal rights commence upon mailing). Respondents note that the landowner in *Judd* failed to serve the notice of appeal on the condemnor, as opposed to non-adversary co-condemnees. However, we conclude this distinction is not significant. The issue is not, as Tollefson and Indian Hills suggest, merely one of personal jurisdiction.

 Tollefson and Indian Hills assert that because Vogelpohl's and the Schweichs' interests would not be adversely affected by the appeal, Minn.Stat. § 117.145 requiring

that notice be mailed to "all parties of record having an interest in lands in the appeal," does not apply to them. The district court held that the purpose of the statute is to provide notice of appeal to parties who may cross-appeal. Consequently, the court held

> [a] party who has "an interest in lands described in the appeal" is one whose interest may be adversely affected by the appeal.

This construction conflicts with our holding in *Judd*, where we reversed the district court's determination that the state, as condemnor, did not have an interest in lands described in the appeal, because it did not have an interest prior to the commencement of the eminent domain proceeding. *Judd*, 488 N.W.2d at 845. We held that, giving effect to the statute's plain meaning, the statutory language does not limit the interests in lands to those existing prior to commencement of the eminent domain proceeding. *Id.* citing *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn. 1986).

 In this case, the statute does not make a distinction between adversary and non-adversary co-condemnees. The statute refers to "parties *of record* having an interest in the lands described in the appeal." Minn. Stat. § 117.145 (emphasis added). This language is specific and indicates that service is required on *all* parties with any recorded interest in the condemned property; not merely those whose interests may be ad-

versely affected by an appeal. *See* Minn. Stat. § 645.16 (1992) (where a statute's words are clear, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit"). Although generally, appeal statutes are liberally construed so that an appeal is not foreclosed, a court cannot assume jurisdiction where none exists. *See Independent Sch. Dist. No. 857 v. Seem*, 263 Minn. 170, 174, 116 N.W.2d 395, 398 (Minn. 1962).

Tollefson's and Indian Hills' argument that they are in substantial compliance with the requirements of the statute is inapplicable to statutory requirements that are necessary to confer jurisdiction.

Tollefson and Indian Hills were required to mail the notice to Vogelpohl and the Schweichs within the statutory time for appeal, despite the fact their interests were protected and despite their actual knowledge of the appeal within the statutory period.

## DECISION

The district court erred in denying the motion to dismiss.

**Reversed.**