590 N.W.2d 327 (1999)
The HOUSING AND REDEVELOPMENT AUTHORITY In and For the CITY OF RICHFIELD, a Minnesota public body corporate and politic, petitioner, Appellant,
v.
Daniel ADELMANN, Trustee of the Robert F. Adelmann Trust; et al., Respondents (C2-97-980, C6-97-1811), District Court Respondent (C7-97-1199),
F & D Properties, a partnership consisting of Dayle R. Erickson and Fred C. Talbot, Respondent,
Naegele Outdoor Advertising, Inc., Respondent (C2-97-980, C6-97-1811), District Court Respondent (C7-97-1199),
Top Line Cycle, Inc., et al., District Court Respondents.
Nos. C2-97-980, C7-97-1199, C6-97-1811.
Supreme Court of Minnesota.
March 25, 1999.
*329 Eric J. Magnuson, Rider, Bennett, Egan & Arundel, LLP, John M. LeFevre, Jr., Corrine H. Thomson, Karen R. Cole, Kenney & Graven, Chartered, Minneapolis, for appellant.
William S. Rosen, Daniel N. Rosen, Rosen & Rosen, P.L.L.P., St. Paul, for respondents Daniel Adelmann, Trustee, et al.
Dale Happe, Burnsville, for respondent F&D Properties.
Marvin Liszt, Richard I. Diamond, Diamond, Liszt & Grady, P.A., Minneapolis, for respondent Naegele.
Heard, considered, and decided by the court en banc.

OPINION
LANCASTER, Justice.
The central issues presented by this consolidated appeal are (1) whether compliance with the notice of filing requirements of Minn.Stat. § 117.115, subd. 2 (1998) is a jurisdictional prerequisite to an appeal from a condemnation commissioners' award; and (2) whether a condemning authority complies with Minn.Stat. § 117.145 (1998) by serving notice of appeal from a condemnation commissioners' award on a party's attorney but not directly on the party as well. The court of appeals affirmed the district court's dismissal of a condemning authority's appeals from condemnation awards, holding the district court lacked jurisdiction over those appeals because the condemning authority sent notice of the filing of the awards, and copies of the notices of appeal from those awards, to the respondent property owners' counsel, rather than both to respondents and their counsel. We reverse on these issues.
Appellant, The Housing and Redevelopment Authority in and for the City of Richfield (HRA), filed a petition with Hennepin County District Court in March 1995, seeking to acquire 27 parcels of land in the Interstate/Lyndale/Nicollet area of the city by exercising its power of eminent domain. The district court filed an order in July 1995, approving the HRA's request and appointing three commissioners to ascertain and report the damages that would be awarded to the displaced property owners. The condemnation commissioners filed their awards for the parcels relevant to this appeal between June and September of 1996. After each award was filed, the HRA mailed notice of the filing of the commissioners' award to counsel for the respondent property interest holders and to the other parties named in the proceedings. Those interest holders not represented by counsel were directly sent a notice of filing of the condemnation award.
Pursuant to Minn.Stat. § 117.145, appellant HRA subsequently filed notices of appeal from those condemnation awards with the district court, seeking review of the amounts awarded to the property interest holders. The HRA served by mail copies of the notice of appeal upon respondents' counsel and all other parties or their counsel who had appeared in the proceeding. The HRA did not serve respondents directly if counsel represented them.
Respondent owners of parcels 1-3, 9-19, and 21[1] moved to dismiss the HRA's appeals for lack of jurisdiction; the owners of parcel 20 also moved for dismissal in a similar motion. By orders dated May 1 and June 3, 1997, respectively, the district court granted both motions. The district court reasoned that compliance with section 117.145 was a jurisdictional prerequisite to the appeal and that section 117.145 incorporated the notice requirements of section 117.115. Therefore, failure to comply with section 117.115 constituted a failure to comply with section 117.145, depriving the court of jurisdiction. The district court also concluded, without addressing whether the section 117.145 requirements are waivable, that respondent property owners did not waive their objections to jurisdiction by filing responsive appeals and otherwise participating in the appeals process. In a consolidated appeal, the court of appeals, for similar reasons, affirmed the dismissal of the HRA's appeals for lack *330 of jurisdiction and the denial of the HRA's motion to dismiss respondents' cross-appeals. Housing Redev. Auth. v. Adelmann, Nos. C2-97-980, C7-97-1199, 1998 WL 15902 (Minn.App. Jan.20, 1998).
This consolidated appeal involves the interpretation of the notice and appeal provisions of Minn.Stat. §§ 117.115 and 117.145 (1996). Questions of statutory interpretation are reviewed de novo on appeal. See Bedow v. Watkins, 552 N.W.2d 543, 546 (Minn.1996).
At the outset, we note that there is no suggestion that any party was deprived of notice either of the filing of the commissioners' award or of the notice of appeal. Rather, the dispute concerns whether failure to directly serve first the notices of filing of the commissioners' awards, and then the notices of appeal, on respondents as well as their counsel, creates a jurisdictional defect that deprives the district court of appellate jurisdiction.

I.
We first consider whether compliance with the requirements of Minn.Stat. § 117.115, subd. 2 for notice of filing of the commissioners' awards is a jurisdictional prerequisite to an appeal from the awards. We have previously stated that "unless the conditions prescribed by statute are observed, the court acquires no jurisdiction" over an appeal from a condemnation award. State v. Goins, 286 Minn. 54, 57, 174 N.W.2d 231, 233 (1970) (citing State v. Radosevich, 249 Minn. 268, 82 N.W.2d 70 (1957)). All parties agree, as they must, that section 117.145 prescribes the steps necessary to perfect an appeal from a condemnation commissioners' award. The crux of this first issue is whether the notice of filing requirement in section 117.115 is an additional procedural prerequisite to an appeal.
Subdivision 2 of section 117.115, which addresses a petitioner's responsibility to send notice of the filing of a condemnation commissioners' award, provides:

Within ten days after the date of the filing of the report of commissioners, the petitioner shall notify the following listed persons, by mail, of the filing of the report of commissioners setting forth the date of filing of the report, the amount of the award, and all the terms and conditions thereof as the same pertain to the respondent or party listed:
(1) each respondent listed in the petition as having an interest in any parcel described in the report;

(2) each other party to the proceeding whose appearance has been noted by the court in its order approving the petition under section 117.075; and

(3) each respondent's attorney.

Minn.Stat. § 117.115, subd. 2 (1998) (emphasis added). The plain language specifies that notice of filing of the condemnation award must be sent both to each respondent and each respondent's attorney. There is no dispute that the HRA failed to fully comply with this requirement because it mailed the notice to respondents' counsel but not directly to respondents.
Nothing in the text of section 117.115 states that condemning authorities must strictly comply with the notice of filing requirements before a district court may acquire jurisdiction over an appeal from a condemnation award. Indeed, section 117.115 itself does not mention appeals or specify the effect of a failure to notify all respondents of the filing of a condemnation award.
The lower courts determined that the language of section 117.145, which provides for appeals from condemnation awards, incorporates the section 117.115 notice of filing requirement as a separate jurisdictional prerequisite to the filing of an appeal. Section 117.145 states:
At any time within 40 days from the date that the report has been filed, any party to the proceedings may appeal to the district court from any award of damages embraced in the report, or from any omission to award damages, by: (1) filing with the court administrator a notice of such appeal, and (2) serving by mail a copy of such notice on all respondents and all other parties to the proceedings having an interest in any parcel described in the appeal who are shown in the petitioner's affidavit of mailing, required by section *331 117.115, subdivision 2, as having been mailed a notice of the report of the commissioners.

Minn.Stat. § 117.145 (1998) (emphasis added).
The court of appeals concluded that the reference in section 117.145 to the section 117.115, subdivision 2, notice requirement has the effect of incorporating that requirement as a jurisdictional prerequisite to an appeal, with the result being that failure of the HRA to serve both respondents and their counsel with notice of filing deprives the district court of jurisdiction over the HRA's subsequent appeals. Adelmann, 1998 WL 15902, at *3. The court of appeals based this conclusion on its earlier decision in Condemnation by Housing & Redev. Auth. v. Suh, 553 N.W.2d 115 (Minn.App.1996), pet. for rev. denied (Minn., Nov. 20, 1996). Adelmann, 1998 WL 15902, at *2. But Suh involved distinctly different circumstances, namely, certain of the respondents in the condemnation proceeding had not received any notice of the filing of the commissioners' award, either directly or through their counsel. See 553 N.W.2d at 116. In addition, because the petitioner in Suh failed to serve copies of the notice of appeal on some respondents as required by section 117.145, the appeals statute, the court of appeals in Suh only makes brief reference to the separate section 117.115 notice of filing requirement. See id. at 117-18. Therefore, Suh does not establish that the section 117.115 requirements are jurisdictional prerequisites to an appeal.
The text of section 117.145 also fails to support the court of appeals' conclusion that the notice of filing requirement of section 117.115 was incorporated as a jurisdictional prerequisite to appeal. Section 117.145 enumerates two requirements for an appeal: "(1) filing with the court administrator a notice of such appeal, and (2) serving by mail a copy of such notice on all respondents and all other parties to the proceedings having an interest in any parcel * * *." The reference to section 117.115, subdivision 2 found in section 117.145 is not enumerated as a separate requirement to perfect an appeal. Rather, the reference merely identifies the respondents who must be served a copy of the notice of appeal. See id. Although we do not imply that a condemning authority's failure to comply with the notice of filing provisions of section 117.115 is never of consequence, we hold that under the circumstances presented in this case, strict compliance with the duplicate notice requirements of section 117.115 is not a jurisdictional prerequisite to an appeal from a condemnation award under section 117.145.

II.
As noted above, while the parties to this appeal disagree over the effect of noncompliance with section 117.115, all proceed on the assumption that compliance with section 117.145 is a jurisdictional prerequisite to an appeal from a condemnation award. Several recent decisions from the court of appeals make it clear that the intermediate appellate court views fulfillment of section 117.145's service requirements as a prerequisite to a district court's acquisition of subject matter jurisdiction over an appeal from a condemnation award. See, e.g., Suh, 553 N.W.2d at 119; Minneapolis Community Dev. Agency v. Golden Spike, Inc., 536 N.W.2d 30, 32 (Minn.App.1995), pet. for rev. denied (Minn., Oct. 18, 1995); Independent Sch. Dist. No. 194 Lakeville v. Tollefson Dev., Inc., 506 N.W.2d 346, 347 (Minn.App. 1993), pet. for rev. denied (Minn., Nov. 16, 1993). We last reviewed the requirements of the appeals statute, section 117.145, in County of Dakota v. Lyndale Terminal, 529 N.W.2d 672 (Minn.1995). At that time, we acknowledged the court of appeals' position on this issue, yet specifically declined to articulate the consequences of an appellant's failure to meet the notice requirements of section 117.145. Id. at 674-75.
The question we must consider is whether an appellant complies with Minn.Stat. § 117.145 by serving a copy of the notice of appeal from a condemnation award on respondents' counsel, rather than on both respondents and their counsel. The text of section 117.145 requires that a party appealing to the district court from a condemnation commissioners' award serve by mail a copy of the notice of appeal

*332 on all respondents and all other parties to the proceedings having an interest in any parcel described in the appeal who are shown in the petitioner's affidavit of mailing, required by section 117.115, subdivision 2, as having been mailed a notice of the report of the commissioners.
Minn.Stat. § 117.145 (1998).
The rules of civil procedure provide that if counsel represents a party, service shall be made on counsel. See Minn. R. Civ. P. 5.02. The rules of civil procedure do not govern eminent domain proceedings to the extent they are inconsistent or in conflict with the governing statute. See Minn. R. Civ. P. 81.01(a), App. A. The lower courts determined that Minn.Stat. § 117.145 conflicts with the general rule that service shall be made on a party's attorney because section 117.115, subdivision 2, which is referenced in section 117.145, requires service of the notice of filing of a commissioners' award on both the respondent and its counsel. We disagree. Just as we concluded above that the reference to section 117.115 in section 117.145 does not make the section 117.115 notice of filing requirement a jurisdictional prerequisite to an appeal, we conclude that the same reference does not import the section 117.115 requirement of service on both the party and its counsel into section 117.145 as a requirement for service of the notice of appeal.
Unlike section 117.115, section 117.145 does not contain any express requirement that both property interest holders and their counsel receive service of the notice. Thus, there is no conflict between the express language of section 117.145 and the rule of civil procedure that provides for service on counsel rather than the represented party.
Contrary to the court of appeals' conclusion, the reference to section 117.115 does not import a duplicate service requirement into section 117.145 for the notice of appeal. Instead, the reference in section 117.145 to section 117.115 merely clarifies which "respondents and all other parties to the proceedings having an interest in any parcel described in the appeal" are entitled to service. See Minn.Stat. § 117.145 (1998). The current version of the notice of appeals statute was adopted in 1995 after the court of appeals decided Tollefson, 506 N.W.2d at 348. Tollefson interpreted the prior version of section 117.145, which required service on "parties of record having an interest in the lands described in the appeal[,]" to require service even on property interest holders whose interests were protected and would not be adversely affected by the appeal. Id. at 347-48 (quoting Minn.Stat. § 117.145 (1992)). The present language in section 117.145 clarifies that service of a copy of the notice of appeal need only be made on those property interest holders who were entitled to receive the section 117.115 notice of filing.
Because prior cases relied on by respondents did not directly address this issue, they do not require a contrary result. In Lyndale Terminal, we stated that the then-existing version of section 117.145 required a party appealing from a condemnation award to serve a copy of the notice of appeal on "those individuals or entities that are named in the condemnation petition and have been served with process." 529 N.W.2d at 674-75. Subsequently, the court of appeals held in Suh that the present notice of appeal provision "continues to require service of notice on individuals and entities who were named in the condemnation petition, who have not been dismissed as parties, and who have not settled their claims to the condemnation proceeds." 553 N.W.2d at 117. In the present case, the court of appeals interpreted these decisions to stand for the proposition that appellants are required to serve copies of a notice of appeal directly upon respondents, as well as their attorneys. But in Lyndale Terminal and Suh, the property interest holders who challenged the appeals had not been served at all with the notice of appeal  either directly or through counsel. 529 N.W.2d at 673, 553 N.W.2d at 118. Therefore, these decisions concerned the more basic question of whether those types of interest holders were entitled to service at all, not the more specific issue presented here of whether duplicate service is required. See Lyndale Terminal, 529 N.W.2d at 675 (determining prior version of appeals statute did not require service on lessees who recorded interest after the filing of the condemnation *333 petition); Suh, 553 N.W.2d at 119 (holding petitioner did not meet notice requirements when it failed to serve tenants named as respondents in the condemnation petition).
We hold that the reference to section 117.115 in section 117.145 does not require that the notice of appeal be served on both respondents and their counsel. Therefore, the HRA complied with section 117.145 in serving by mail a copy of the notice of appeal on counsel for respondents and on all other parties required by the statute to receive a copy of such notice. Accordingly, we need not consider whether failure to comply with the appeal statute's service requirements deprives the court of subject matter jurisdiction over an appeal. We also need not consider whether respondents might have waived their objections to the court's jurisdiction over the appeals by appearing before the district court and otherwise participating in the proceedings.

III.
In a second unpublished decision that has been consolidated into this appeal, the court of appeals affirmed the district court's denial of the HRA's motions to dismiss the appeals from the condemnation awards filed by the owners of parcels 2 and 22. Housing & Redev. Auth. v. Adelmann, No. C6-97-1811, 1998 WL 100607, at *4 (Minn.App. Mar.10, 1998). The HRA argues that if duplicative service of a copy of a notice of appeal is required on both respondents and their attorneys, then property interest holders are required to serve copies of their own notice of appeal upon both the condemning authority and its counsel. Because service upon a party's counsel complies with the requirements of section 117.145, we hold that the court of appeals did not err when it ruled that respondents' service of copies of its own notices of appeal on the HRA's counsel fulfilled the provisions of section 117.145.

IV.
Finally, the second court of appeals decision held that dismissal of the HRA's appeals for lack of jurisdiction did not deprive the court of jurisdiction over parcel owner 2's responsive appeal. See Adelmann, 1998 WL 100607, at *4. The owner of parcel 2 filed an appeal from the condemnation award after the 40-day deadline for the filing of direct appeals under section 117.145 had expired, but within the 50-day period provided for responsive appeals. The HRA argues that if the court lacked jurisdiction over its own appeal, this responsive appeal should have also been dismissed, as a defective appeal cannot provide the basis for extending the time period for the filing of respondent's appeal. Since we have now held that the HRA's appeal should not have been dismissed for lack of jurisdiction, we need not address this issue.
Affirmed in part, reversed and remanded in part.
BLATZ, J., took no part in the consideration or decision of this case.
PAUL H. ANDERSON, J. (concurring specially).
I concur in the result reached by the majority, but write separately to address the underlying issue of subject-matter jurisdiction. My hope is that by addressing this issue, we can resolve ambiguities and misunderstandings created by prior opinions of our court and the Minnesota Court of Appeals.
For well over a century, it has been our position that a district court acquires subject-matter jurisdiction over eminent domain proceedings upon the presentation to the court of a proper condemnation petition showing a right on the part of the petitioner to acquire the land described in the petition. See Rheiner v. Union Depot St. Ry. & Transfer Co., 31 Minn. 289, 294, 17 N.W. 623, 624 (1883). In Rheiner, a landowner challenged the district court's subject-matter jurisdiction on grounds that the landowner received no notice of and had no knowledge of an amended condemnation petition or a subsequent commissioners' hearing until after the commissioners' award was filed. Id. at 292-93, 17 N.W. at 624. We recognized a jurisdictional defect, but concluded that the defect went to personal jurisdiction, not subject-matter jurisdiction. Id. at 293-94, 17 N.W. at 624-25. We held that a district court is vested with subject-matter jurisdiction upon *334 the presentation of a proper condemnation petition and that service of notice is designed only for the purpose of investing the court with jurisdiction over the persons interested in the proceeding. Id. at 294, 17 N.W. at 624-25. Thus, in Rheiner, we clearly articulated a bright line distinction between subject matter and personal jurisdiction in eminent domain proceedings. Id., 17 N.W. at 624-25.
Five years later, in Whitely v. Mississippi Water-Power & Boom Co., 38 Minn. 523, 38 N.W. 753 (1888), we reaffirmed Rheiner when we again held that presenting and filing of the condemnation petition gave a district court subject-matter jurisdiction. Id. at 525-26, 38 N.W. at 755. We went on to conclude that because subject-matter jurisdiction is vested in the court upon the presenting and filing of the petition, an irregularity in the place named for the presentation of the petition could be waived. Id., 38 N.W. at 755. We held that, even if the defect went to the court's jurisdiction over the plaintiff, this defect as to personal jurisdiction was waived when the party appeared and took part in the proceedings before the commissioners and then appealed the award. Id. at 526, 38 N.W. at 755.
A third case in which we articulated our position with respect to subject-matter jurisdiction in eminent domain matters is State v. Frisby, 260 Minn. 70, 108 N.W.2d 769 (1961). In Frisby, we held that there was no prejudice to a landowner when the commissioners failed to comply with the provisions of Minn. Stat. § 117.08 (1960) requiring separate awards for the value of land taken and for damages to other property. Id. at 78, 108 N.W.2d at 774. We concluded that the apportionment of damages provisions of the statute were not jurisdictional requirements. Id. at 77, 108 N.W.2d at 773. In reaching our conclusion in Frisby, we cited Rheiner and said:
[t]he court acquired jurisdiction by the presentation of the petition to the district court in accordance with the provisions of [the] statute showing the right on the part of the state to acquire the land and by statutory notice to persons interested in the property of the time and place of the presentation of the petition.
Id. at 76, 108 N.W.2d at 773 (citing Rheiner, 31 Minn. at 289, 17 N.W. at 623). We went on to conclude that noncompliance with the requirements of section 117.08 would not defeat the court's subject-matter jurisdiction, saying:
[i]t was not the intention of the legislature, after prescribing in detail for review of the award on appeal, to leave the landowner in a position where he could oust the court of jurisdiction because of an omission in the original report which might be supplied in the trial on appeal.
Id. at 77, 108 N.W.2d at 773. See also Oronoco Sch. Dist. v. Oronoco, 170 Minn. 49, 52, 212 N.W. 8, 9 (1927) (holding (1) that an eminent domain proceeding is in rem and not in personam and (2) when subject-matter jurisdiction is conferred upon a court in eminent domain proceedings and no procedures are provided by the statute, the court can proceed under its general powers and adopt such procedures as are necessary to exercise and make effective the jurisdiction thus granted).
In the case before us today, it appears that both the HRA and respondents take for granted that the district court's subject-matter jurisdiction was divested upon appointment of the commissioners and that subject-matter jurisdiction could not be reestablished absent strict adherence to the appeal procedures of Minn.Stat. § 117.145 (1998). The basis of this erroneous assumption appears to be the court of appeals decision in Independent Sch. Dist. No. 194 Lakeville v. Tollefson Dev., Inc., 506 N.W.2d 346 (Minn.App.1993), pet. for rev. denied (Minn. Nov. 16, 1993). In order to correct this erroneous assumption, it is important that we understand how Tollefson came to be.
In Tollefson, the court of appeals recognized that the statute that preceded the current section 117.145 required that notice of a condemnation appeal be served on "`all parties of record having an interest in the [sic] lands described in the appeal.'" Id. at 348 (quoting Minn.Stat. § 117.145 (1992)). The court held that this was an absolute jurisdictional requirement and that failure to serve *335 all parties having any recorded interest in the condemned property deprived the district court of jurisdiction on appeal from the commissioners' award. Id. Based on this holding, the court in Tollefson vacated a jury verdict entered after the district court heard a condemnation appeal on the grounds that three commercial lessees of the condemnee had not been mailed notice of the appeal. Id. at 347-48. The Tollefson holding was a radical departure from the normal procedures followed in condemnation proceedings and has caused considerable disruption and uncertainty in the practice of eminent domain law.
In reaching its holding in Tollefson, the court of appeals relied on Judd v. State, 488 N.W.2d 843 (Minn.App.1992). See Tollefson, 506 N.W.2d at 347. In Judd, the court of appeals noted that "[i]t is unquestioned that if an appeal is not filed within the 40-day statutory period, the district court does not acquire jurisdiction and cannot expand the statutory filing period." 488 N.W.2d at 844 (citing State v. Goins, 286 Minn. 54, 57, 174 N.W.2d 231, 233 (1970)). In Goins, we stated in dictum that "[t]he filing of [a] notice of appeal is jurisdictional" and that "unless the conditions prescribed by statute are observed, [a district] court acquires no jurisdiction." Goins, 286 Minn. at 57, 174 N.W.2d at 233 (citing State v. Radosevich, 249 Minn. 268, 82 N.W.2d 70 (1957)).
In Radosevich, we said that "[i]t is elementary that the right of appeal under our condemnation proceedings is governed by statute and that, unless the conditions prescribed by statute are observed, the court acquires no jurisdiction." Radosevich, 249 Minn. at 271, 82 N.W.2d at 72 (citation omitted). In support of its holding, the Radosevich court, without analysis, cited to State ex rel. Minneapolis v. Boucher, 171 Minn. 297, 214 N.W. 30 (1927), and Klein v. St. Paul, M. & M. Ry. Co., 30 Minn. 451, 16 N.W. 265 (1883). See Radosevich, 249 Minn. at 271 n. 1, 82 N.W.2d at 72 n. 1. But when we examine Boucher and Klein, we come to understand that the holdings in both cases are inapplicable to the fact situations of the line of cases used to support the holding in Tollefson. This line of cases either overlooked or misread the statutory predicate for the Boucher and Klein decisions and, further, completely ignored the on-point holdings in Rheiner and its progeny.
Neither Boucher nor Klein dealt with chapter 117 of Minnesota statutes or its antecedents. Boucher dealt with the application of Mason's Minn.Stat. § 1554 (1927), the forebearer of Minn.Stat. § 430.03 (1998). See Boucher, 171 Minn. at 298, 214 N.W. at 31; see also Minn.Stat. Ann. § 430.03 (West 1987). This statute provided that a condemnation proceeding began with a resolution by the city council rather than a filing with the district court. See Boucher, 171 Minn. at 298, 214 N.W. at 31. The council then appointed five commissioners to determine and award the amount of damages and compensation to be paid to the owners of property taken or injured by the improvement. Id., 214 N.W. at 31. All interested parties were to be given a notice by publication of the amounts awarded as compensation and the time and place of the meeting of the committee designated by the council to hear objections to the awards. Id., 214 N.W. at 31. The owners of the property were to be served with copies of the notice by the city clerk. Id., 214 N.W. at 31. The land owner was then required to file written objections that were presented to the committee, along with the report of the commissioners. Id. at 298-99, 214 N.W. at 31. The committee reported back to the city council and the council then made its decision. Id., 214 N.W. at 31. The statute provided for an appeal to the district court from the decision of the city council, which appeal was the first invocation of the district court's jurisdiction. Id. at 299, 214 N.W. at 31. The statute required that the notice of appeal refer to the objections previously filed. Id., 214 N.W. at 31.
The Boucher court disallowed the appellant landowner's appeal, pointing out that because the landowner had failed to file written objections  even though the landowner had appeared and made oral objections  there would be nothing before the court to decide because the appeal notice required a statement of objections alone and not a pleading. Id., 214 N.W. at 31. The requirement for the landowner to refer to objections *336 in the notice of appeal was held to be jurisdictional because the statute required that the appeal be based solely upon objections considered by the committee. Id., 214 N.W. at 31. However, reliance on Boucher ignores a very important distinction between the Boucher statutory scheme and eminent domain proceedings brought under Minn.Stat. § 117, i.e., that district courts acting pursuant to Minn.Stat. § 117 acquire jurisdiction at the very beginning of the taking process.
Reliance on Klein is equally ill founded. In Klein, the appeal was dismissed for lack of jurisdiction because, having served her appeal, the would-be appellant failed to file the appeal with the clerk of district court. Klein, 30 Minn. at 451-52, 16 N.W. at 265. This appeal was brought under the terms of the defendant railroad's charter and the statute governing such appeals. Id. at 452, 16 N.W. at 265. The attempted filing of this appeal appears to have been the first attempt to invoke the district court's subject-matter jurisdiction. See id. at 452, 16 N.W. at 265. Thus, in Klein as in Boucher, a fundamentally different statutory scheme was involved and hence a fundamentally different rule of law was applicable. Accordingly, it becomes clear that the court of appeals in Tollefson erred when it relied upon the Boucher and Klein line of cases.
Unfortunately, our court is not completely blameless for some of the confusion that exists in this area of the law. We have repeatedly recited the principle that it is elementary that the right to appeal in an eminent domain proceeding is governed by statute and that, unless the conditions prescribed by statute are observed, the district court acquires no jurisdiction. See, e.g., Goins, 286 Minn. at 57, 174 N.W.2d at 233. See also County of Hennepin v. Holt, 296 Minn. 164, 168, 207 N.W.2d 723, 726 (1973) (holding that "[i]t is elementary that the right of appeal from condemnation proceedings is strictly statutory, and unless the statutory provisions are followed, the court obtains no jurisdiction"); State v. May, 204 Minn. 564, 565, 285 N.W. 834 (1939) (holding that "[t]he right of appeal is strictly statutory and unless the statute authorizes a joint appeal from separate awards, the appeal must be dismissed for duplicity"). But when we have repeated this principle, we have failed to make clear what we mean by jurisdiction. Specifically, we have failed to clarify the distinction between subject-matter jurisdiction and personal jurisdiction that we made over a century ago in Rheiner.
Now is the time for us to reaffirm the holding of Rheiner and its progeny and to make clear that once a district court acquires subject-matter jurisdiction, that jurisdiction is retained and continues even after commissioners are appointed, a commissioners' hearing is held, and an award is made. Such a rule acknowledges the practical realities of eminent domain proceedings and results in a more sound legal analysis with respect to the implementation of chapter 117 appeal procedures.
A holding that recognizes that the district court retains subject-matter jurisdiction acknowledges the practical, real-world procedures involved in eminent domain proceedings. For example, a new petition proceeding would not be necessary when replacement commissioners were needed. Rather, if during the commissioners' proceedings, a commissioner should die or become disabled, the parties could simply return to the district court under the aegis of the initial proceeding and move for the replacement of a commissioner or to proceed with fewer than three commissioners. Similarly, if procedural difficulties were encountered during the proceedings before the commissioners, again, without question, the parties could return to the district court for a resolution of any matters in dispute. Likewise, if issues arose with respect to the scope of the taking or claims involving loss of a going concern, the parties could return to the district court without facing questions of subject-matter jurisdiction. I know from my own legal practice  which predates Tollefson  that the district courts have routinely exerted subject-matter jurisdiction over such issues, even after the commissioners had been appointed and commissioners' hearings were being held. Further, my experience tracks with the experience of other attorneys who practice in the area of eminent domain and with a *337 common sense interpretation of chapter 117.
A rule that the district court retains subject-matter jurisdiction is consistent with another important provision of chapter 117; specifically, section 117.175, subd. 1 which provides for the joinder of additional parties on appeal:
Such appeal may be noticed for trial and tried except as herein otherwise provided as in the case of a civil action and the court may direct that issues be framed, and require other parties to be joined and to plead therein when necessary for the proper determination of the questions involved.
Minn.Stat. § 117.175, subd. 1 (1998).
Moreover, the history of section 117.145 suggests that notice provisions were added to the statute for purposes less radical and more pragmatic than to deprive a district court of subject-matter jurisdiction if a party failed to strictly comply with the notice requirements. Prior to 1971, the statute providing for appeals from commissioners' awards provided:
At any time within 30 days after service of the notice that the report has been filed, the owner of lands taken may appeal to the district court from any award of damages embraced in the report, or from any omission to award damages to the appellant * * * by filing with the clerk a notice of such appeal.
Minn.Stat. § 117.13 (1969). In 1971, however, the legislature revised this provision to add a mailing requirement:
At any time within 40 days from the date that the report has been filed, any party to the proceedings may appeal to the district court from any award of damages embraced in the report, or from any omission to award damages, by filing with the clerk a notice of such appeal and mailing a copy of such notice to all parties of record having an interest in lands described in the appeal. Within ten days of the date of mailing, any other party may appeal.

Act of May 27, 1971, ch. 595, § 18, 1971 Minn. Laws 1102, 1108 (codified at Minn. Stat. § 117.145 (1971)) (emphasis added). Thus, prior to the 1971 revision, parties were not mailed notice if another party appealed the condemnation commissioners' award. Instead, a party needed to keep a vigilant eye on the clerk of court's office to determine if an appeal was filed before the expiration of the appeal period. When the legislature revised section 117.145 to include a requirement that an appealing party mail notice of the appeal to all parties of record, the legislature put an end to this need for the parties to literally wait at the courthouse steps for a possible appeal. In essence, the amendment merely simplified the procedure by which parties learned of an appeal of the commissioners' award and of the triggering of the timeframe for filing a cross-appeal. Given the obvious pragmatic reason for creating the notice mailing requirements, I believe that a conclusion that mailing the notice of appeal is a subject-matter jurisdictional requirement raises the significance of this requirement to a level that the legislature never intended.
Furthermore, by holding that the district court retains subject-matter jurisdiction, we can avoid the often-harsh consequences of the rule that reached fruition in Tollefson. On at least one prior occasion, when faced with the harsh consequences mandated by strict subject-matter jurisdiction requirements, we made an attempt to avoid those consequences. The case to which I refer is State v. Jude, 258 Minn. 43, 102 N.W.2d 501 (1960).
In Jude, the appellant was a landowner whose property was condemned by the state. Id. at 43, 102 N.W.2d at 502. The appellant filed a timely notice of appeal of the award to the district court. Id. The notice complied with all the statutory requirements except that it did not state the amount of the appellant's claim. Id., 102 N.W.2d at 502. At the time, Minn.Stat. § 117.20, subd. 4 required among other things that the notice of appeal specify the "amount of the claim." Id. at 43-44, 102 N.W.2d at 502-03. The state filed a motion to dismiss the appeal on the grounds that the court lacked jurisdiction because the amount of the claim was not shown. Id. at 44, 102 N.W.2d at 503. The district court granted the motion, noting that the results may be harsh, but the statute is jurisdictional. *338 Id., 102 N.W.2d at 503. We reversed the lower court holding that the proper course of action in this situation was to allow the appellant to amend his notice of appeal to comply with the statute. Id. at 45, 102 N.W.2d at 503-04. In our opinion, we made some observations as to general principles which should apply in these circumstances.
We first made reference to language used in the case of State v. Rust, 256 Minn. 246, 98 N.W.2d 271 (1959) to emphasize that attempts on the part of the condemnor to defeat a landowner's right to his day in court are not looked on with favor, especially when the constitutional right to just compensation for the taking of land is involved. Quoting Rust, we said:
"[t]he decisions in this state have never unduly restricted the owner's constitutional right to just compensation where there has been a taking of private property for public use under the powers of eminent domain. Attempts on the part of condemnor by technical means to defeat the landowner's right to his day in court have never been viewed with favor. Every owner is constitutionally entitled to a just and equal application of the rule that what he owns shall not be taken from him or destroyed or damaged for public use without just compensation."
Jude, 258 Minn. at 44, 102 N.W.2d at 503 (quoting Rust, 256 Minn. at 253, 98 N.W.2d at 276). We then noted in Jude that this principle had been applied in Radosevich, when "the court held that a party having an interest in tracts of land as to which there were several awards is not bound by the parcel designation made by the condemnor, and may properly appeal by filing a single notice." Id. (referencing Radosevich, 249 Minn. at 268, 82 N.W.2d at 70). Finally, in Jude, we said: "The rule to be drawn from our cases, and which is now declared by this court, is that under the statute referred to [Minn.Stat. § 117.20, subd. 4] the filing of the notice of appeal is jurisdictional, but the form and contents of the notice are not." Jude, 258 Minn. at 45, 102 N.W.2d at 503. We concluded that, while the requirements of the statute regarding the content of the notice of appeal are not to be disregarded, "a court has inherent power to permit pleadings to be amended at any proper time when the amendment does not violate some positive rule of law or prejudice the opposing party." Id., 102 N.W.2d at 503. In support of our conclusion, we referenced our rules of civil procedure relating to the amendment of pleadings. Id., 102 N.W.2d at 503 (referencing Minn. R. Civ. P. 15). While not specifically addressing a district court's retention of subject-matter jurisdiction in eminent domain proceedings, the court in Jude went to great lengths to reach a result that in essence acknowledged such retention of subject-matter jurisdiction.
Where does all of this lead us in the context of the case before us today? As I indicated earlier, I do not disagree with the majority's analysis nor do I disagree with the majority's conclusion that the HRA did comply with the notice requirements of section 117.145. However, while the majority's analysis is sound as far as it goes, it is made unduly difficult because of our unwillingness to hold that the district court retained subject-matter jurisdiction. It is important that we once and for all establish the correct basis upon which the notice of appeal provisions of section 117.145 are to be construed. We must clearly state that the analysis and conclusion of the court of appeals in Tollefson were wrong. Further, while I believe that our analysis in County of Dakota v. Lyndale Terminal, 529 N.W.2d 672 (Minn.1995), was correct as far as it went, we must acknowledge that in Lyndale Terminal we left unanswered the underlying and fundamental question of retained subject-matter jurisdiction. The court of appeals' decision in Tollefson and our failure to properly address this issue in Lyndale Terminal probably resulted in the 1995 amendment to section 117.145, an amendment which has failed to eliminate or even mitigate the confusion and uncertainty brought about by Tollefson. In the future, any analysis with respect to the notice of appeal provisions of section 117.145 should be considered in the context of the district court's retained subject-matter jurisdiction. In addition to being based on common sense and sound legal precedent, such an interpretation would also ameliorate the harsh results reached in the court of appeals in Judd, *339 Tollefson, Lyndale Terminal, and in Condemnation by Housing & Redev. Auth. v. Suh, 553 N.W.2d 115 (Minn.App.1996) and would permit courts to proceed on a more sound basis of practice and procedure.
NOTES
[1] The HRA and respondent owners of parcels 1, 3, 11, 12, 13, and 14 have since settled their claims.